

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00255-CV

IN RE VALLIANCE BANK                                             RELATOR

----------

## ORIGINAL PROCEEDING

----------

## OPINION ON RELATOR'S MOTION FOR EN BANC RECONSIDERATION

----------

The court has considered the motion for en banc reconsideration filed by Relator Valliance Bank, the response filed by Real Parties in Interest Linda R. Tedesco and Lucille W. Shiver, and Relator's reply. We grant the motion for en banc reconsideration, withdraw our opinion of June 26, 2012, and substitute the following.

# BACKGROUND FACTS

Real Parties filed the underlying suit as plaintiffs on April 23, 2008. The trial court's record of filings reveals virtually no activity for two years other than requests for discovery. The trial court placed the suit on the dismissal docket for hearing on April 12, 2010, and issued a notice for the parties to present an agreed scheduling order at or prior to the hearing. Counsel for Relator and the other defendants appeared, but neither Real Parties nor their counsel appeared at the hearing, nor did anyone present a scheduling order to the trial court. Although the notice provided that failure to submit a scheduling order would result in dismissal for want of prosecution, the trial court did not dismiss the lawsuit at that time.

The trial court placed the case on the status conference docket for hearing on May 24, 2010, and issued a notice instructing the parties to appear and be prepared to discuss the status of the case and to set pretrial and trial dates. The second notice stated that failure to appear would result in dismissal for want of prosecution. Neither Real Parties nor their counsel appeared at the hearing. The court placed the lawsuit on its status conference docket for July 12, 2010, and issued a notice of status conference, again warning that failure to appear would result in dismissal for want of prosecution. When neither Real Parties nor their counsel appeared for the third status conference hearing, the trial court signed its order dismissing the case for want of prosecution on July 12, 2010.

On July 19, 2010, Real Parties timely filed a motion for reinstatement. The motion for reinstatement was signed by their counsel of record and set forth that he had a plumbing emergency on the date of the third scheduled hearing, that it took much of the day, and that in the rush to attend to the emergency he forgot to call the court, such that the failure to appear was not intentional nor the result of conscious indifference but was the result of mistake or accident. Although the motion and certificate of service were signed by Real Parties' counsel of record, he did not verify or swear to the facts contained in the motion. Instead, the motion contained an unsworn statement titled "Verification" signed by another individual not identified either as a party or as counsel for Real Parties.

On August 12, 2010, thirty-one days after the order of dismissal was signed, Real Parties' counsel of record forwarded for filing a sworn affidavit dated August 12, 2010, setting forth and swearing to the same facts set forth in the motion to reinstate that he had previously filed. The clerk's computerized listing of documents filed shows that the affidavit was filed on August 13, 2010. Defendants, including Relator, filed written objections to the unsworn verification to the motion to reinstate and to the late filing and content of the affidavit of Real Parties' counsel. After a hearing on August 20, 2010, the trial court overruled the defendants' objections and signed an order granting reinstatement on September 13, 2010.

On April 2, 2012, Relator filed a motion to vacate the order reinstating the lawsuit, and the trial court denied the motion on June 8, 2012. Relator seeks by this mandamus proceeding to have the order reinstating the lawsuit vacated.

**APPLICABLE LAW**

A trial court has plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution. Tex. R. Civ. P. 165a(3), (4); *Neese v. Wray*, 893 S.W.2d 169, 170 (Tex. App.—Houston [1st Dist.] 1995, no writ) (recognizing trial court has plenary power to reinstate case within thirty days of dismissal even in absence of motion to reinstate). A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power in the same manner as a motion for new trial. Tex. R. Civ. P. 165a(3), (4). The Supreme Court of Texas has made clear, however, that an unverified motion to reinstate is a nullity and does not extend the trial court's plenary jurisdiction or the time in which to file a notice of appeal. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (granting mandamus relief to set aside order reinstating case more than thirty days after dismissal on unverified motion); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986). The time limits provided in rule 165a are mandatory and jurisdictional; orders of reinstatement entered after their expiration are void. *Harris Cnty. v. Miller*, 576 S.W.2d 808, 809 (Tex. 1979) (orig. proceeding); *Danforth Mem'l Hosp. v. Harris*, 573 S.W.2d 762, 763 (Tex. 1978) (orig. proceeding); *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 798 (Tex. 1977) (orig.

4

proceeding); *see United Residential Props., L.P. v. Theis*, No. 14-11-00330-CV, 2012 WL 3573882, at *2 (Tex. App.—Houston [14th Dist.] Aug. 21, 2012, no pet.).

To extend the trial court's plenary jurisdiction beyond thirty days from the date of dismissal, rule 165a(3) requires that a motion to reinstate be "verified by the movant or his attorney" and be filed within thirty days after the signing of the dismissal for want of prosecution. Tex. R. Civ. P. 165a(3); *McConnell*, 800 S.W.2d at 194; *Butts*, 705 S.W.2d at 697; *see Hosea v. Whittenburg*, 311 S.W.3d 704, 705 (Tex. App.—Amarillo 2010, pet. denied); *Twist v. McAllen Nat'l Bank*, 294 S.W.3d 255, 260 (Tex. App.—Corpus Christi 2009, no pet.). The motion for reinstatement here was timely filed but not verified. Unless the late-filed affidavit of Real Parties' attorney—filed after thirty days had expired from the date of the dismissal order—sufficed as a substitute for a verification sufficient to support the factual averments in the motion to reinstate, the motion did not extend the trial court's plenary power, the order granting the motion to reinstate after the thirty-day period had expired is void, and mandamus relief is appropriate. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding) ("Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired."); *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) (mandamus will issue when trial court erroneously reinstates case after expiration of its plenary jurisdiction); *In re N.H. Ins. Co.*, No. 02-12-00281-CV, 2012 WL 3264392, at *1–2 (Tex. App.—Fort

5

Worth Aug. 13, 2012, orig. proceeding) (mem. op.) (conditionally granting writ of mandamus to set aside void order reinstating suit after plenary power expired); *In re Strickland*, No. 01-01-00972-CV, 2002 WL 58482, at *2 (Tex. App.—Houston [1st Dist.] Jan. 17, 2002, orig. proceeding) (not designated for publication) (same).

## UNSWORN VERIFICATION

A statement labeled "Verification" was signed on the last page of the motion to reinstate, in which the signer stated that he had personal knowledge of the facts recited in the motion, but the signer was not Real Parties' counsel of record and is not identified as a party or as an attorney in the case, nor is the statement sworn to. A verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Andrews v. Stanton*, 198 S.W.3d 4, 8 (Tex. App.—El Paso 2006, no pet.) (quoting Black's Law Dictionary 1556 (7th ed. 1999)); *see also Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.— Texarkana 2004, no pet.) (stating "verified" under rule 107 requires acknowledgement before a notary public"); *McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (op. on reh'g) (stating that "[a]n acknowledgment of an instrument before a notary public . . . verifies it for [the] record").[1] The statement purporting to verify the motion to

---

[1]Verification must be based on personal knowledge. Tex. R. Evid. 602 ("A witness may not testify to a matter unless . . . the witness has personal

reinstate does not reveal how the signer had personal knowledge of counsel's plumbing emergency or that he forgot to call the court.[2]

## SIGNATURE OF COUNSEL

Nor was the signature of Real Parties' counsel of record on the motion itself a sufficient verification, as Real Parties argued at the hearing on the motion to vacate the reinstatement. An attorney's signature on a pleading certifies that he has read the document and that to the best of his knowledge, information, and belief, formed after reasonable inquiry, the instrument is not groundless and not brought in bad faith or for the purpose of harassment. *See* Tex. R. Civ. P. 13. The signature of the attorney is not the equivalent of a verification, which represents the facts to be true and based upon personal knowledge. *See Luxenberg v. Marshall*, 835 S.W.2d 136, 140 & n.3 (Tex. App.—Dallas 1992, orig. proceeding) (distinguishing between groundless pleadings and false affidavits). Moreover, even if counsel's bare signature could be considered a

knowledge of the matter."); *see Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 666 (Tex. 2010) (op. on reh'g). A party's attorney may verify the pleading when he has personal knowledge of the facts, but he does not have authority to verify based merely on his status as counsel. *Twist*, 294 S.W.3d at 262 (holding personal knowledge required for verification of motion to reinstate); *see* Tex. R. Civ. P. 14 (stating agent or attorney may verify facts). *Cf. Gorrell v. Tide Prods., Inc.*, 532 S.W.2d 390, 395–96 (Tex. Civ. App.—Amarillo 1975, no writ) (holding that a company officer who did not have personal knowledge of certain matters could not deny them under oath since they would be hearsay as to him).

[2]Incidentally, the verification also does not meet the requirements of civil practice and remedies code section 132.001, which allows for an unsworn declaration if the declaration meets the statute's requirements. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West Supp. 2012).

verification, the motion signed by Real Parties' counsel of record contained no language indicating that he swore that the facts stated therein were true and were based on his personal knowledge. *Cf. Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 197 (Tex. App.—Fort Worth 2006, no pet.) (holding affidavit was valid without jurat because it contained acknowledgement and stated witness was "sworn").

## LATE-FILED AFFIDAVIT

Real Parties argue that the later-filed affidavit of their counsel of record should be considered sufficient verification. They cite *Guest v. Dixon*, 195 S.W.3d 687, 688 (Tex. 2006), in which the supreme court held that the verification requirement of rule 165a(3) was satisfied by an affidavit of the movant's former attorney who had personal knowledge of most of the relevant facts needed to support an unverified motion to reinstate. Real Parties also point to several intermediate appellate court cases that signal a more liberal attitude toward what constitutes sufficient verification under rule 165a. *See Twist*, 294 S.W.3d at 262 ("[A]n unverified motion to reinstate must be supported by an affidavit *or other sufficient evidence* in the record . . . .") (quoting *Silguero v. State*, 287 S.W.3d 146, 150 (Tex. App.—Corpus Christi 2009, orig. proceeding)); *Andrews*, 198 S.W.3d at 8 (holding timely-filed affidavit of counsel attached to motion sufficient substitute for verification of motion); *Fed. Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 689–90 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (holding timely-filed joint motion to reinstate within thirty days of

8

dismissal equivalent to a stipulation and satisfied rule 165a); *see also In re Dobbins*, 247 S.W.3d 394, 396–97 (Tex. App.—Dallas 2008, orig. proceeding) (holding, despite unverified motion and lack of any supporting affidavit, that combination of evidentiary hearing and court master's recommendation of approval of motion within the thirty-day period after dismissal constituted adequate substitute for verification).

Each of those cases is distinguishable. The affidavits held to constitute substitutes for verification of the motions to reinstate in those cases were all filed within the initial thirty-day period following the dismissal. In *Dobbins*, a hearing—presumably with sworn testimony—was held within the initial thirty days and resulted in a recommendation by the master within that same time frame. In contrast, the affidavit of Real Parties' counsel of record was not filed until after the expiration of the thirty-day period, and the hearing on the motion to reinstate was not held until a month later. No affidavit or other evidence was filed within thirty days after the dismissal that could be construed as a substitute for proper and timely verification of the motion to reinstate as required by rule 165a(3) in this case. In other words, to "cure" an unverified motion to reinstate, an affidavit or other evidence supporting the motion is acceptable, but it must be filed within the same thirty-day period as required for filing of the motion to reinstate. *See In re Garcia*, 94 S.W.3d 832, 833 (Tex. App.—Corpus Christi 2002, orig. proceeding) (holding mandamus would be granted because unverified motion to reinstate was not "cured" by an affidavit filed after thirty days had expired); *Owen*

9

*v. Hodge*, 874 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1994, no writ) (holding reinstatement properly denied on jurisdictional grounds when unverified motion to reinstate was filed within thirty days but movant did not seek leave to file verification until thirty-eight days after dismissal); *see also In re Trinity Universal Ins. Co. of Kan.*, No. 04-06-00471-CV, 2006 WL 2819767, at *1–2 (Tex. App.—San Antonio 2006, orig. proceeding) (mem. op.) (holding attorney's verification filed after thirty days had expired could not cure unverified motion, and attorney's signature on unverified motion to reinstate was not equivalent to verification).

Although the supreme court admonished in *Guest* and has continued to stress that courts should strive to reach the merits of cases when reasonably possible and that litigants' rights (whether of appeal or of a day in court) should not be lost based upon procedural technicalities,[3] that line of cases has not

---

[3] *See Milestone Operating, Inc. v. ExxonMobil Corp.*, No. 11-0647, 2012 WL 5285085, at *2 (Tex. Oct. 26, 2012) (reversing default judgment and noting court's policy that "adjudication on the merits is preferred") (quoting *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992)); *Americo Life, Inc. v. Myer*, 356 S.W.3d 496, 498 (Tex. 2011) (reversing court of appeals's waiver holding); *Ditta v. Conte*, 298 S.W.3d 187, 190 (Tex. 2009) (broadly construing issues so that "'a just, fair[,] and equitable adjudication of the rights of the litigants' is obtained"); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005) (reiterating that the appellate rules "are designed to resolve appeals on the merits, and we must interpret and apply them whenever possible to achieve that aim"); *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 370–71 (Tex. 1997) (reiterating commitment to ensuring that courts do not unfairly apply the rules of appellate procedure to avoid addressing a party's meritorious claim); *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121–22 (Tex. 1991) (stating that procedural rules should be "liberally construed so that the decisions of the courts of appeals turn on substance rather than procedural technicality").

overruled *McConnell* or *Butts*, and we remain bound by those decisions.  An unverified motion to reinstate is ineffective to extend the trial court's plenary power beyond thirty days, and rule 165a provides no opportunity to cure the deficiency by affidavit once the trial court's plenary power has expired.  *See Lubbock Cnty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) (holding court of appeals's function not to abrogate or modify established precedent).

## DELAY IN SEEKING MANDAMUS

Real Parties further argue that Relator was dilatory in failing to seek mandamus relief for eighteen months with no explanation or excuse as to the delay, participating in the lawsuit and discovery, and otherwise treating the case as validly reinstated, all of which resulted in prejudice to Real Parties.  Thus, they contend that Relator slumbered on its rights or lay behind the log and thereby waived its right to seek relief by mandamus.  As to Real Parties' contention that Relator lay behind the log regarding its position that the reinstatement was void until it filed this proceeding, we note that the defendants, including Relator, clearly addressed the same arguments raised in this court by their objections and briefing filed in response to the motion to reinstate in the trial court in 2010.  As to Real Parties' contention that Relator should have appealed from the order reinstating the lawsuit, no appeal was available from the order of reinstatement, which merely placed the case back on the docket as though it had never been

11

dismissed. It was neither a final judgment nor an interlocutory order from which Relator was entitled appeal.

Moreover, doctrines such as laches, waiver, or estoppel are not applicable when the order that is the subject of the mandamus proceeding is void. *See In re Aslam*, 348 S.W.3d 299, 303 n.10 (Tex. App.—Fort Worth 2011, orig. proceeding) (stating that laches does not preclude a challenge to a void order); *In re Chester*, 309 S.W.3d 713, 718–19 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (citing *Zimmerman v. Ottis*, 941 S.W.2d 259, 262 (Tex. App.— Corpus Christi 1996, orig. proceeding) ("Since mandamus relief in the present case is premised on the entry of a void order, it would not serve the interests of justice or those of the parties to invoke laches as an excuse to ignore that order, and thus to allow the parties to expend further time and effort in connection with a lawsuit that must ultimately be dismissed . . . or reversed on appeal for want of jurisdiction."); *Twist*, 294 S.W.3d at 263 (holding waiver did not apply when defectively verified motion to reinstate failed to extend trial court's plenary power or time limits for appeal).

For the reasons stated, we are constrained to hold that the unverified motion to reinstate did not extend the trial court's plenary power beyond thirty days after the dismissal was signed and that Real Parties' counsel's affidavit filed after that period had expired was ineffective as an adequate substitute for verification because rule 165a(3) plainly requires the verified motion to be filed within thirty days. Because the trial court signed the order of reinstatement after

its plenary power had expired, we hold that the order of reinstatement is void and of no legal effect.  We conditionally grant Relator's petition for writ of mandamus and order that the trial court set aside its September 13, 2010 order of reinstatement.  The writ will issue only in the event the trial court fails to do so within thirty days of the date of this opinion.

ANNE GARDNER
JUSTICE

EN BANC

DELIVERED:  November 15, 2012

13