

# COURT OF APPEALS

CATHERINE STONE
 CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
 JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

April 2, 2013

Barry G. Johnson
David S. Kohm & Associates
1414 W. Randol Mill Rd., Ste. 118
Arlington, TX 76012

Carrie L. Garcia
Law Office of M. Nathan Barbera
P.O. Box 941069
Plano, TX 75094

RE:     Court of Appeals Number:    04-12-00480-CV
        Trial Court Case Number:    2010-50194-367
        Style:  Greg Chambers and Trina Bradley
                v.
                Eusebio Maldonado

Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
KEITH E. HOTTLE, CLERK

Elizabeth Montoya
Deputy Clerk, Ext. 53857

cc: Sherri Adelstein


April 2, 2013

No. 04-12-00480-CV

Greg **CHAMBERS** and Trina Bradley,
Appellants

v.

Eusebio **MALDONADO**,
Appellee

From the 367th District Court, Denton County, Texas
Trial Court No. 2010-50194-367
Jonathan Mark Bailey, Judge Presiding

## O R D E R

The trial court signed a dismissal order on April 18, 2012. On May 14, 2012, appellants filed an unverified motion to reinstate. Although a verified motion to reinstate extends the time for perfecting an appeal, an unverified motion to reinstate does not extend the deadline. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (per curiam); *In re Valliance Bank*, No. 02-12-00255-CV, 2012 WL 5512455, at *2 (Tex. App.—Fort Worth Nov. 15, 2012, orig. proceeding). In *Guest v. Dixon*, 195 S.W.3d 687, 688 (Tex. 2006), the Texas Supreme Court acknowledged its holdings in *McConnell* and *Butts*, but asserted "Since those cases we have repeatedly stressed that procedural rules should be construed and applied so that the right of appeal is not unnecessarily lost to technicalities." "Although the supreme court admonished in *Guest* and has continue to stress that courts should strive to reach the merits of cases when reasonably possible and that litigants' rights (whether of appeal or of a day in court) should not be lost based upon procedural technicalities, that line of cases has not overruled *McConnell* or *Butts*, and we remain bound by those decisions." *In re Valliance Bank*, 2012 WL 5512455, at *4.

Because the appellants' unverified motion to reinstate did not extend the deadline for perfecting the appeal, the notice of appeal was due to be filed on May 18, 2012. *See* TEX. R. APP. P. 26.1(a). Appellants did not file their notice of appeal until July 17, 2012. On July 25, 2012, appellants filed a second motion to reinstate, requesting the trial court to treat its prior motion to reinstate as a motion for new trial. This same argument was made to the intermediate appellate court in *Butts*, 700 S.W.2d 628, 630 (Tex. App.—Austin 1985), *writ ref'd n.r.e.*, 705 S.W.2d 696 (Tex. 1986). That court rejected the argument, asserting, "Without treating every motion to reinstate as a motion for new trial, it is difficult to see how the motion in question

could be other than a motion to reinstate." *Id.* In refusing the application for writ of error, the Texas Supreme Court agreed that "no proper motion was filed with the court" to extend the deadline for perfecting the appeal. *Butts*, 705 S.W.2d at 697.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.*

It is therefore ORDERED that appellant show cause in writing within fifteen days from the date of this order why this appeal should not be dismissed for lack of jurisdiction.

It is so **ORDERED** on April 2, 2013.

PER CURIAM

ATTESTED TO:

Keith E. Hottle
Clerk of Court

April 2, 2013

No. 04-12-00480-CV

Greg **CHAMBERS** and Trina Bradley,
Appellants

v.

Eusebio **MALDONADO**,
Appellee

From the 367th District Court, Denton County, Texas
Trial Court No. 2010-50194-367
Jonathan Mark Bailey, Judge Presiding

# O R D E R

The trial court signed a dismissal order on April 18, 2012. On May 14, 2012, appellants filed an unverified motion to reinstate. Although a verified motion to reinstate extends the time for perfecting an appeal, an unverified motion to reinstate does not extend the deadline. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (per curiam); *In re Valliance Bank*, No. 02-12-00255-CV, 2012 WL 5512455, at *2 (Tex. App.—Fort Worth Nov. 15, 2012, orig. proceeding). In *Guest v. Dixon*, 195 S.W.3d 687, 688 (Tex. 2006), the Texas Supreme Court acknowledged its holdings in *McConnell* and *Butts*, but asserted "Since those cases we have repeatedly stressed that procedural rules should be construed and applied so that the right of appeal is not unnecessarily lost to technicalities." "Although the supreme court admonished in *Guest* and has continue to stress that courts should strive to reach the merits of cases when reasonably possible and that litigants' rights (whether of appeal or of a day in court) should not be lost based upon procedural technicalities, that line of cases has not overruled *McConnell* or *Butts*, and we remain bound by those decisions." *In re Valliance Bank*, 2012 WL 5512455, at *4.

Because the appellants' unverified motion to reinstate did not extend the deadline for perfecting the appeal, the notice of appeal was due to be filed on May 18, 2012. *See* TEX. R. APP. P. 26.1(a). Appellants did not file their notice of appeal until July 17, 2012. On July 25, 2012, appellants filed a second motion to reinstate, requesting the trial court to treat its prior motion to reinstate as a motion for new trial. This same argument was made to the intermediate appellate court in *Butts*, 700 S.W.2d 628, 630 (Tex. App.—Austin 1985), *writ ref'd n.r.e.*, 705 S.W.2d 696 (Tex. 1986). That court rejected the argument, asserting, "Without treating every motion to reinstate as a motion for new trial, it is difficult to see how the motion in question could be other than a motion to reinstate." *Id.* In refusing the application for writ of error, the Texas Supreme Court agreed that "no proper motion was filed with the court" to extend the deadline for perfecting the appeal. *Butts*, 705 S.W.2d at 697.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.*

It is therefore ORDERED that appellant show cause in writing within fifteen days from the date of this order why this appeal should not be dismissed for lack of jurisdiction.

It is so **ORDERED** on April 2, 2013.

PER CURIAM

ATTESTED TO: /s/ Keith E. Hottle
Keith E. Hottle
Clerk of Court

Entered this 2nd day of April, 2013 VOL____PAGE____