**Dismissed and Opinion Filed February 22, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00856-CV

**IOLAP, INC., Appellant**
**V.**

**ON DECK MANAGEMENT AND MARK E. FRANKFURT, Appellees**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-01982-2014**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Evans, and Justice Brown
Opinion by Chief Justice Wright

IOLAP, Inc. appeals the trial court's April 24, 2017 judgment. By letter dated September 18, 2017, we questioned our jurisdiction over this appeal. Specifically, we raised concern about whether the trial court acted within its plenary power when it reinstated this case after its February 5, 2015 dismissal for want of prosecution. We directed appellant and appellees to file letter briefs regarding our jurisdiction. After consideration of those briefs, we dismiss this appeal for want of jurisdiction.

On February 5, 2015, the trial court signed an order of dismissal for want of prosecution. On March 4, 2015, appellant filed an unverified "Plaintiff's Motion to Reinstate Case on Docket." Thereafter, on April 7, 2015, the trial court signed an order granting the motion to reinstate and on

April 24, 2017, signed the judgment which is the subject of this appeal. Appellant filed its notice of appeal on July 20, 2017.

A trial court has plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution. TEX. R. CIV. P. 165a(3), (4); *In re Valliance Bank*, 422 S.W.3d 722, 725 (Tex. App—Fort Worth 2012, orig. proceeding). A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power in the same manner as a motion for new trial. *See Valliance Bank*, 422 S.W.3d at 725. The Texas Supreme Court has made clear, however, that an unverified motion to reinstate is a nullity and does not extend the trial court's plenary jurisdiction. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex.1990) (orig. proceeding); *Macarangal v. Andrews*, 838 S.W.2d 632, 633 (Tex. App—Dallas 1992, orig. proceeding). And, judicial action taken after a trial court's plenary power has expired is void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

Here, the trial court dismissed the case for want of prosecution on February 5, 2015. Thus, absent a verified motion to reinstate, its plenary power expired on Monday, March 9, 2015. Although appellant timely filed its motion to reinstate, the motion was not verified and did not act to extend the trial court's plenary power. *See McConnell*, 800 S.W. 2d at 194. Consequently, the trial court's April 7, 2015 order granting the motion to reinstate and the trial court's April 24, 2017 judgment are void and the July 20, 2017 notice of appeal is not timely. Under these circumstances, we conclude we lack jurisdiction over this appeal.

In reaching this conclusion, we necessarily reject appellees' contention that because the trial court's February 5, 2015 order of dismissal was not final, the trial court retained jurisdiction to reinstate the case on April 5, 2015. According to appellees, they pleaded for recovery of their costs and fees and thus had outstanding claims for attorney's fees that were not resolved by the trial court's dismissal order, rendering the dismissal order interlocutory. Appellees maintain their

prayer for relief in their answers were sufficient to assert a claim for attorney's fees. In their answers, appellees requested the court to deny the relief sought by appellant and to award "its costs and fees associated with defending this suit, and to all other relief to which [they] may show [themselves] justly entitled."

Absent a mandatory statute, a party must affirmatively plead for attorney's fees to invoke the trial court's jurisdiction to award such fees. *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W. 3d 877, 884 (Tex. App—Dallas 1992, no pet.). Texas follows a "fair notice" standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy. *Id.* Although a specific request for attorney's fees in a prayer for relief may be sufficient to support a claim for attorney's fees, a general prayer for relief is not sufficient to raise such a claim. *See id.* at 884–85.

Here, appellees did not specifically request attorney's fees in their prayers for relief. We cannot conclude that a request for "costs and fees associated with defending this suit" was sufficient to put appellant on notice that appellees intended to pursue a claim for attorney's fees under the Texas Uniform Declaratory Judgment Act. Accordingly, we conclude appellees did not have an outstanding claim for attorney's fees and the February 5, 2015 order of dismissal was final.

We likewise reject appellees' suggestion that McConnell does not control in this case because (1) it was appellant, not appellees, who filed the unverified motion to reinstate, and (2) all parties participated, without objection, in the case after reinstatement. We agree with appellant that principles of equity cannot supply jurisdiction. Subject matter jurisdiction exists by operation of law and cannot be conferred by consent or waiver. *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993). Nor can subject matter jurisdiction be conferred by

estoppel. *See Taub v. Aquilia S.W. Pipeline Corp.*, 93 S.W.3d 451, 461 (Tex. App—Houston [14th Dist.] 2002, no pet.).

Having concluded the trial court's plenary power to act expired on March 9, 2017, we vacate as void the trial court's April 7, 2015 order granting the motion to reinstate and the trial court's April 24, 2017 judgment and dismiss this appeal for want of jurisdiction.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

170856F.P05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IOLAP, INC., Appellant

No. 05-17-00856-CV     V.

On Deck Management, Inc. and Mark E. Frankfurt, Appellees

On Appeal from the 199th Judicial District Court, Collin County, Texas

Trial Court Cause No. 199-01982-2014.

Opinion delivered by Chief Justice Wright. Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, we **VACATE** as void the trial court's April 7, 2015 order granting the motion to reinstate and the trial court's April 24, 2017 judgment and **DISMISS** this appeal for want of jurisdiction.

It is **ORDERED** that appellees On Deck Management, Inc. and Mark E. Frankfurt recover their costs of this appeal from appellant IOLAP, INC.

Judgment entered February 22, 2018.