**Opinion issued July 6, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00155-CV

———————————

## IN RE FREDERICK ALSANDOR, Relator

———

### Original Proceeding on Petition for Writ of Mandamus

———

## MEMORANDUM OPINION

Relator Frederick Alsandor filed a petition for writ of mandamus, claiming that the trial court lacked plenary power to sign the January 25, 2023 order granting the motion to reinstate filed by real party in interest Gabriela Morales.[1] Because we

---

[1] The underlying case is *Gabriela Morales v. Fabian Campos and Frederick Alsandor*, cause number 2022-09541, pending in the 189th District Court of Harris County, Texas, the Honorable Tamika Craft presiding.

agree that the trial court lacked plenary power to sign the reinstatement order, we conditionally grant the mandamus petition.

**Background**

On February 16, 2022, Morales sued Alsandor and another defendant for negligence related to a motor-vehicle accident in which Morales claimed that she was injured. On July 7, 2022, the trial court sent Morales a "Notice of Intent to Dismiss–No Answer Filed." The notice stated that the case would be dismissed for want of prosecution unless one of the following actions was taken by October 10, 2022: (1) an answer was filed or (2) Morales filed and had "heard, by oral hearing or written submission, a meritorious motion for default judgment." The notice also informed Morales that she could file a verified motion to retain showing good cause why the case should not be dismissed.

On November 16, 2022, the trial court signed an order dismissing the case for want of prosecution. The order stated that Morales had failed to comply with the July 7 dismissal notice.

On December 30, 2022, Morales filed a verified motion to reinstate the case. In the motion, she asserted that she had met the requirements of the July 7 dismissal notice because she had filed a motion for default judgment, which the trial court had

granted on September 15.[2] She claimed that, because she had complied with the July 7 dismissal notice, the trial court should reinstate her case. On January 25, 2023, the trial court granted Morales's motion to reinstate and ordered the case reinstated on the court's docket.

## Void Order

In his sole issue, Alsandor contends that the trial court's reinstatement order is void because the trial court did not have plenary power when it signed the order.

## A. Standard of Review

We grant the extraordinary relief of writ of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate remedy by appeal. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or to apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding). A relator need not show that it does not have an adequate remedy by

---

[2] The order granting the motion for default judgment was interlocutory because it indicated that the issue of unliquidated damages remained unresolved. *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 808–09 (Tex. App.—Waco 2007, no pet.) (recognizing that court must hear evidence of unliquidated damages prior to entering a final judgment in default case).

appeal when the complained-of order is void. *In re Sw. Bell. Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

## B.     Applicable Legal Principles

A motion to reinstate is the only remedy available to a party whose case has been dismissed for want of prosecution. *Sierra Club v. Tex. Comm'n on Envtl. Quality*, 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet) (citing *Gilbert v. Huber, Hunt, Nichols, Inc*., 671 S.W.2d 869, 870 (Tex. 1984)). Reinstatement after a dismissal for want of prosecution is governed by Rule of Civil Procedure 165a(3), which requires a motion to reinstate to be verified; to set forth the grounds for reinstatement; and, in most circumstances, to be filed within 30 days of the order of dismissal. *E & M Plumbing Ltd. v. W. Hous. Winnelson Co.*, No. 01-17-00601-CV, 2018 WL 3542916, at *2 (Tex. App.—Houston [1st Dist.] July 24, 2018, no pet.) (mem. op.) (citing TEX. R. CIV. P. 165a(3)). A verified motion to reinstate filed within 30 days of a dismissal extends the trial court's plenary power in the same manner as a motion for new trial. *In re Valliance Bank*, 422 S.W.3d 722, 725 (Tex. App.—Fort Worth 2012, orig. proceeding) (citing TEX. R. CIV. P. 165a(3), (4)). In the absence of a timely filed verified motion to reinstate, a trial court's plenary power expires 30 days after dismissal of the case. *See Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990)). The time limits provided in Rule 165a are mandatory

and jurisdictional, and an order of reinstatement signed after the expiration of the relevant time limits is void. *See Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding).

"There is a provision that allows a party to pursue reinstatement after the 30-day deadline in Rule 165a(3) on a showing of non-receipt of notice of the order of dismissal." *E & M Plumbing Ltd.*, 2018 WL 3542916, at *2. Texas Rule of Civil Procedure 306a "extends the deadline if, within 20 days after the order is signed, the party adversely affected by the order has neither received that notice nor acquired actual knowledge of the order." *Id.* (citing TEX. R. CIV. P. 306a(4)). In that circumstance, the period within which the motion to reinstate must be filed "shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." TEX. R. CIV. P. 306a(4). "However, Rule 306a(4) is not self-executing." *Stevens v. Smith*, No. 04-21-00105-CV, 2021 WL 4296038, at *1 (Tex. App.—San Antonio Sept. 22, 2021, no pet.) (mem. op.). To receive the extension, the party adversely affected must "prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a(5). "Rule

5

306a places the burden on [the complaining party] to prove the date he received notice and that it was more than 20 days after the judgment was signed." *Hot Shot Messenger Serv., Inc. v. State*, 798 S.W.2d 413, 414 (Tex. App.—Austin 1990, writ denied). A sworn motion in compliance with Rule 306a "establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006).

## C.    Analysis

Here, Morales filed her motion to reinstate on December 30, 2022, 44 days after the trial court signed its dismissal order on November 16, 2022. In her response to Alsandor's mandamus petition, Morales asserts that she did not receive notice of the dismissal order until December 30, 2022, the same day that she filed her motion to reinstate. She contends that, under Rule 306a(4), the 30-day period to file her motion to reinstate began to run on December 30, 2022, making her motion to reinstate filed that same day timely. She asserts that, as a result, the trial court still had plenary power when it signed the January 25, 2023 order reinstating her case.

As Alsandor points out, the mandamus record does not reflect that Morales filed a sworn motion in the trial court asserting that she did not receive notice of the November 16, 2022 dismissal order. Morales's verified reinstatement motion does

6

not mention that she did not receive notice of the of the dismissal order until December 30, 2022, as she now claims in her mandamus response. In short, Morales did not invoke Rule 306a's procedure to extend the deadline for filing her reinstatement motion. *See* TEX. R. CIV. P. 306a(4), (5). As a result, Morales did not preserve her argument that Rule 306a extended the trial court's plenary power. *See Glad v. Parkland Health Hosp. Sys.*, No. 05-14-01420-CV, 2014 WL 7249568, at *1 (Tex. App.—Dallas Dec. 22, 2014, no pet.) (mem. op.). Based on the mandamus record, the trial court's plenary power expired 30 days after the November 16, 2022 dismissal order; that is, it expired on December 16, 2022. *See Jarrell*, 580 S.W.3d at 466. Morales did not timely file her motion to reinstate, and the January 25, 2023 reinstatement order, signed over one month after the expiration of the trial court's plenary power, is void. *See In re Romero*, No. 01-21-00629-CV, 2022 WL 23939, at *2 (Tex. App.—Houston [1st Dist.] Jan. 4, 2022, orig. proceeding) (mem. op.) (holding that trial court's reinstatement order "entered nearly two months after the expiration of the court's plenary power, [was] void"); *In re Boglia, L.L.C.*, No. 01-11-00891-CV, 2011 WL 13385443, at *1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2011, orig. proceeding) (mem. op.) ("A reinstatement order rendered after the expiration of the trial court's plenary power is void.").

We conclude that the trial court abused its discretion by reinstating the case. *See In re Romero*, 2022 WL 23939, at *2; *see also Custom Corporates, Inc. v.*

7

*Security Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("The issuance of a void order is an abuse of discretion."). Because the order is void, Alsandor need not show a lack of an adequate remedy by appeal. *See Sw. Bell. Tel. Co.*, 35 S.W.3d at 605. Thus, Alsandor is entitled to mandamus relief.[3] *See Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) ("When a trial court erroneously reinstates a case after the expiration of the court's plenary jurisdiction, mandamus will issue."); *Custom Corporates*, 207 S.W.3d at 838 ("Cases involving void orders present a circumstance warranting mandamus relief.").

---

[3]    In her response, Morales asserts that it would be inequitable to grant mandamus relief because the trial court erroneously dismissed her suit for want of jurisdiction. As discussed, Morales did not comply with Rule 165a's time limits, which are mandatory and jurisdictional. *See Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding). Morales cites no authority to show that the trial court's jurisdiction could be extended under principles of equity. Nor does she cite authority for her contention that this Court can deny mandamus relief based on her argument that mandamus relief would be inequitable. *Cf. In re Valliance Bank*, 422 S.W.3d 722, 728 (Tex. App.—Fort Worth 2012, orig. proceeding) (holding that equitable doctrines "such as laches, waiver, or estoppel are not applicable when the order that is the subject of the mandamus proceeding is void").

## Conclusion

We conditionally grant Alsandor's petition for writ of mandamus and direct the trial court to vacate its January 25, 2023 order of reinstatement. A writ will issue only if the trial court does not comply. All pending motions are dismissed as moot.

Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.