# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO.  03-24-00356-CV

---

**Donald Baker, Appellant**

**v.**

**City of Austin, Appellee**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-14-002459, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Donald Baker seeks to appeal an order dismissing his case for want of prosecution, signed by the trial court on March 4, 2024.  Because the record in this case reveals that the trial court later signed an order reinstating Baker's case, we dismiss the appeal for want of jurisdiction.

The jurisdiction of this Court is limited to the review of final judgments and from certain interlocutory appeals made appealable by statute.  *Lehmann v. Har-Con Corp.*, 39 SW.3d 191, 195 (Tex. 2001).  An order granting a new trial or reinstating a case essentially "wipes the slate clean and starts over," *Wilkins v. Methodist Health Care Syst*, 160 S.W.3d 559, 563 (Tex. 2005), and "deprives an appellate court of jurisdiction over the appeal," *In re J.Z.P.*, No. 07-13-00445-CV, 2016 Tex. App. LEXIS 10629, at *3 (Tex. App.—Amarillo Sept. 28, 2016, no pet.) (mem. op.)  To be effective, an order reinstating a case must be signed by the trial court

before it loses plenary jurisdiction. *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex.1980); Tex. R. Civ. P. 165a, 329(b). Therefore, whether this Court has jurisdiction to review the March 4 dismissal order turns on whether the trial court had plenary jurisdiction when it subsequently signed the order reinstating Baker's case.[1]

If a case is dismissed for want of prosecution, a party seeking reinstatement must file a verified motion to reinstate within 30 days of the date on which the order of dismissal was signed. Tex. R. Civ. P. 165a(3). In the absence of a timely filed motion to reinstate, the court's plenary jurisdiction to grant a motion to reinstate expires thirty days after the signing of the order of dismissal. *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *McConnell v. May,* 800 S.W.2d 194, 194 (Tex. 1990)); *see* Tex. R. Civ. P. 165a, 329b(e). Conversely, when a motion to reinstate is timely filed, the trial court's plenary jurisdiction extends until 30 days after such motion is overruled, either by signed order or by operation of law, whichever occurs first. *In re Valliance Bank*, 422 S.W.3d 722, 725 (Tex. App.—Fort Worth 2012, orig. proceeding) ("A [timely filed] verified motion to reinstate a case . . . extends the trial court's plenary power in the same manner as a motion for new trial."); *see* Tex R. Civ. P. 165a(3); *id.* R. 329b(b). When a motion to reinstate is timely filed, it is overruled by operation of law 75 days after the dismissal order is signed. Tex. R. Civ. P. 165a(3). Because Baker timely filed his motion to reinstate on April 3, 2024, the trial court's plenary jurisdiction expired on June 19, 2024.

---

[1] A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Lehmann v. Har-Con Corp.*, 39 SW.3d 191, 195 (Tex. 2001). Although Baker was one of several plaintiffs who originally brought suit against the City of Austin, he was the only plaintiff remaining at the time the trial court signed its dismissal order. *See City of Austin v. Baker*, No. 03-16-00607-CV, 2018 Tex. App. LEXIS 4531, at *1-4 (Tex. App.—Austin June 21, 2018, pet. denied) (mem. op.) (laying out procedural history).

The trial court acted within its plenary jurisdiction when it granted Baker's motion and reinstated his case on May 21, 2024.  Consequently, there is no final judgment over which we may exercise appellate jurisdiction.  We dismiss the appeal.  *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed:   August 27, 2024