**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00479-CV**

_____

**IN RE DISH NETWORK SERVICE L.L.C.
AND JOHN CARTER YOUNG**

**On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 23-11-16385**

**MEMORANDUM OPINION**

Relators DISH Network Service L.L.C. and John Carter Young (collectively "DISH" or "Relators") filed a Petition for Writ of Mandamus ("Petition") complaining about the trial court's November 7, 2025 Order Granting Plaintiff's Amended Verified Motion to Reinstate. Jessee Thompson ("Thompson" or "Real Party in Interest") filed a response.

Relators contend the trial court lacked plenary power to reinstate the case at the time it signed the reinstatement order. According to the record before us, the underlying case pertains to a personal injury lawsuit filed by Thompson against

1

DISH arising from a car accident that occurred in 2021. The lawsuit was filed by Thompson in October of 2023.

On September 24, 2025, the trial court entered an Order of Dismissal in the underlying lawsuit, dismissing the case for want of prosecution. On October 3, 2025, Thompson filed a Motion to Reinstate but the motion was not verified. On November 5, 2025, DISH filed a response to the motion and argued the unverified motion to reinstate did not extend the trial court's plenary power which DISH argued had expired thirty days after entry of the dismissal. On November 6, 2025, Thompson filed an Amended Motion to Reinstate with a verification. On November 7, 2025, the trial court entered an Order Granting Plaintiff's Amended Verified Motion to Reinstate.

Generally, to obtain mandamus relief, a relator must show the trial court abused its discretion and the relator has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion by entering a void order, and the relator need not establish lack of an adequate appellate remedy to obtain mandamus relief." *In re Mikooz Mart*, No. 05-19-01355-CV, 2019 Tex. App. LEXIS 10643, at **2-3 (Tex. App.—Dallas Dec. 9, 2019, orig. proceeding) (mem. op.) (citing *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). "Mandamus is an available remedy to set aside a reinstatement order signed after the trial court's plenary power

expires." *Id.* at *2 (citing *In re Dansby*, 583 S.W.3d 838, 840 (Tex. App.—Dallas 2019, orig. proceeding); *In re Southern Mgmt. Servs.*, No. 05-19-00653-CV, 2019 Tex. App. LEXIS 6197, at *1 (Tex. App.—Dallas July 19, 2019, orig. proceeding) (mem. op.)).

A party must file a motion to reinstate within thirty days of the judgment dismissing the case for want of prosecution. *See* Tex. R. Civ. P. 165a(3). The motion must set forth the grounds to reinstate, and the motion must be verified by the movant or his attorney. *See id.* When a party fails to verify his motion to reinstate, the trial court's jurisdiction is not extended, and jurisdiction expires thirty days after the judgment is signed. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (granting mandamus relief to set aside an order reinstating case more than thirty days after dismissal on unverified motion). A reinstatement order entered after the expiration of the time limits provided in Rule 165a is "void because the court is without jurisdiction." *See Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980); *see also In re Valliance Bank*, 422 S.W.3d 722, 729 (Tex. App.—Fort Worth 2012, no pet.) (when a trial court signs an order of reinstatement after its plenary power expired, the order of reinstatement is void and of no legal effect).

In this proceeding, DISH argues the trial court did not have jurisdiction to enter the November 7th Order reinstating the case because the original motion to reinstate was not verified, the trial court's plenary power was not extended, and the

order to reinstate was void when the trial court entered it more than thirty days after entry of the order of dismissal for want of prosecution. We agree.

While it is true that Thompson filed an Amended Motion to Reinstate which was verified, the amended motion did not extend the trial court's plenary power. *See In re Statebridge Co.*, No. 14-25-00146-CV, 2025 Tex. App. LEXIS 6130, at \*3 (Tex. App.—Houston [14th Dist.] Aug. 14, 2025, no pet.) (mem. op.) (original motion to reinstate was unverified and did not extend plenary power of trial court, and amended motion which was verified was filed after the plenary power expired so the trial court's order reinstating the case was void).

Because the only timely filed motion to reinstate was not verified, it did not extend the trial court's plenary power beyond thirty days. *See McConnell*, 800 S.W.2d at 194; *Trimble v. Muniz*, No. 09-23-00212-CV, 2025 Tex. App. LEXIS 1504, at \*\*1-3 (Tex. App.—Beaumont Mar. 6, 2025, no pet.) (mem. op.) ("[A]n unverified motion to reinstate does not extend the trial court's plenary jurisdiction beyond thirty days after the order of dismissal is signed."); *Owens v. Brock Agency, Inc.*, No. 09-22-00336-CV, 2023 Tex. App. LEXIS 3782, at \*13 (Tex. App.—Beaumont June 1, 2023, pet. denied) (mem. op.) ("An unverified motion to reinstate does not extend the trial court's plenary jurisdiction[.]"); *In re Valliance Bank*, 422 S.W.3d at 728-29; *see also* Tex. R. Civ. P. 165a(3). Accordingly, the trial court's order of reinstatement was signed and entered after its plenary power had expired,

4

and the order of reinstatement is void. *See In re Valliance Bank*, 422 S.W.3d at 728-29.

We conditionally grant the petition for writ of mandamus and order the trial court to set aside its November 7, 2025 Order Granting Amended Verified Motion to Reinstate. The writ will issue only in the event the trial court fails to do so within thirty days of the date of this opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on December 29, 2025
Opinion Delivered January 15, 2026

Before Golemon, C.J., Johnson and Wright, JJ.

5