**Opinion issued February 4, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00865-CV

———————————

## IN RE AZHAR MAHMOOD CHAUDHARY AND AZHAR CHAUDARY LAW FIRM, PC, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relators, Azhar Mahmood Chaudhary and Azhar Chaudhary Law Firm, PC, filed a petition for writ of mandamus challenging the trial court's July 25, 2024 order granting the "Verified Motion to Reinstate" of real party in interest, Hamzah Ali.[1] In their petition for writ of mandamus, relators argued that the trial court's plenary

---

[1] The underlying case is *Hamzah Ali v. Azhar Mahmood Chaudhary and Azhar Chaudhary Law Firm, PC*, Cause No. 18-DCV-249370, in the 240th District Court of Fort Bend County, Texas, the Honorable Surendran Pattel presiding

power had expired prior to the trial court signing the July 25, 2024 order, rendering the order void. Relators therefore requested that the Court grant the petition and direct the trial court to vacate its July 25, 2024 order.[2]

The Court requested a response to the petition for writ of mandamus, and real party in interest filed a response in opposition to the request for mandamus relief. Relators also filed a reply in support of their request for mandamus relief.

We conclude that relators have failed to establish they are entitled to mandamus relief, and the Court therefore denies relators' petition for writ of mandamus. We dismiss any pending motions as moot.

---

[2] We note that relators' petition for writ of mandamus was filed on October 16, 2025, more than fourteen months after the trial court signed the order challenged in the mandamus petition. However, relators' petition failed to explain, or even acknowledge, the fourteen-month delay in seeking relief. "Mandamus is an extraordinary remedy that is available only in limited circumstances and issues only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *In re Rogers*, No. 26-0010, --- S.W.3d ---, 2026 WL 91655, at *1 (Tex. Jan. 13, 2026); *see also Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). While mandamus relief is not an equitable remedy, its issuance is largely controlled by equitable principles, with one such principle being "equity aids the diligent and not those who slumber on their rights." *See In re Cox Ventures, Inc.*, No. 01-12-00789-CV, 2013 WL 867433, at *1 (Tex. App.—Houston [1st Dist.] Mar. 7, 2013, orig. proceeding) (mem. op.). Generally, "[d]elay alone provides ample ground to deny mandamus relief." *Id.* However, Texas courts have concluded that doctrines such as laches, waiver, or estoppel are not applicable when the order subject of the mandamus is void. *See In re Valliance Bank*, 422 S.W.3d 722, 728–29 (Tex. App.—Fort Worth 2012, orig. proceeding). Where a trial court signs an order after its plenary power has expired, such order is void. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008).

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Gunn, J., concurring.