In the ESTATE OF Terry K. ARNDT.

No. 09–05–030–CV.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 29, 2005.

Decided Nov. 17, 2005.

Kristin Bays, J. Randal Bays, Conroe, for appellant.

J. Martin Green, Green & Green, PC, Beaumont, J. Stephen Green, Green & Green, PC, Conroe, for appellees.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Jane Leigh Warren appeals the judgment from a jury verdict on a will contest

in the Estate of Terry K. Arndt, who died on July 26, 2003. Clint Arndt, later joined by his sister Tamara Clemans, filed an application for probate of a will executed by their father on July 18, 2003. Warren, the decedent's ex-fiancee, opposed the Arndts' application and offered for probate a will executed on January 30, 1995.[1] The Arndts amended their pleadings to add a claim for tortious interference with their inheritance rights. The jury found the 2003 will to be valid, found the 1995 will had been revoked, found all parties acted in good faith and with just cause, and failed to find tortious interference with inheritance rights. On appeal, Warren contends the testimony of the witnesses to the execution of the 2003 will and to the destruction of the 1995 will must be disregarded because Clint Arndt failed to provide the appropriate pre-trial disclosures. Warren argues the 1995 will must be admitted to probate. In the alternative, she seeks a new trial without inclusion of the tort cause of action. Warren also contends the trial court erred in failing to award her attorney fees for appeal. We hold the following: the trial court acted within its discretion in permitting the witnesses to testify; the jury's verdict is not tainted by the admission of inadmissible evidence; and the trial court did not err in declining to award attorney fees. We also affirm the admission to probate of the 2003 will. Accordingly, the judgment is affirmed.

Warren's first issue contends the trial court erred by ignoring the mandatory exclusion sanction of Rule 193.6. *See*

TEX.R. CIV. P. 193.6. Affected testimony consists of all testimony by the notary and the two witnesses to the execution of the 2003 will and Clint Arndt's testimony regarding the physical destruction of the 1995 will. Warren's second issue contends the trial court erred in denying her motion for judgment notwithstanding the verdict because the evidence challenged in her first issue should have been disregarded. Warren requested disclosure of the names, addresses, and telephone numbers of persons having knowledge of relevant facts and a brief statement of each identified person's connection with the case.[2] *See* TEX.R. CIV. P. 194.2(e). At trial, Warren objected to any testimony by the notary and the witnesses to the 2003 will because Clint Arndt failed to identify them as persons with knowledge of relevant facts in his response to the request for disclosure. Warren also objected to Clint Arndt's testimony that Terry Arndt destroyed the 1995 will. She argued to the trial court that execution of the 2003 will was the only means of revoking the 1995 will mentioned in the response to the requests for disclosure, and that Arndt failed to either produce the destroyed will or explain its unavailability in response to a request to produce documents relating to the revocation of the 1995 will.[3] The trial court overruled Warren's objections and permitted the witnesses to testify.

A party who fails to make, amend, or supplement a discovery response in a timely manner may not offer the testimony of a

1. The engagement ended in 1997, and Warren married another man. According to Warren, her sexual relationship with Terry Arndt ended in 1997 but they remained intimate.

2. Neither Warren's request for disclosure nor her request for production of documents is included in the record. Clint Arndt's responses to both requests were admitted into evidence in the course of his cross-examina-

tion during the trial. From the record before us, it appears no discovery was directed to Tamara Clemans and she had no obligation to respond. Therefore, our discussion of this issue is limited to Clint Arndt.

3. Clint Arndt's response to the request for production identified "the last will and testament of Terry K. Arndt which effectively revoked all previous wills."

witness who was not timely disclosed, unless the court either finds there was good cause for the failure or finds that failure will not unfairly prejudice the opposing party. Tex.R. Civ. P. 193.6(a). The Arndts successfully argued to the trial court that the testimony should be presented to the jury because Warren was not surprised and would suffer no unfair prejudice if the trial court permitted the jury to hear the objected-to testimony.

■ On appeal, Warren argues the Arndts failed to produce supporting evidence. Neither party produced formal testimony when the trial court heard Warren's objections, but both attorneys argued at length regarding factual matters within their personal knowledge. Unsworn factual statements and representations by an attorney can constitute evidence supporting the trial court's ruling, where the opponent to the testimony waives the oath by failing to object "in circumstances that clearly indicated each was tendering evidence on the record based on personal knowledge" on the contested issues. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex.2005); *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex.1997). In the course of the trial court's consideration of the second of the four objections, Warren's counsel stated that "they have made no evidentiary showing." Read in context, this statement does not apprise the trial court that Warren objected to opposing counsel stating facts for the record without first being sworn as a witness. In the absence of an objection, the trial court could rely on the representations made by counsel in open court.

■ The trial court's ruling was within its discretion because Warren was not unfairly surprised or prejudiced by deficiencies in the appellees' disclosures and document production. Clint Arndt's response identified eleven persons with knowledge of relevant facts but omitted the notary and witnesses to the 2003 will. Nonetheless, the names and addresses of the persons who witnessed and notarized the 2003 will were disclosed in a trial response filed by the Arndts thirty days before trial. Warren was certainly aware of the identities of the witnesses to the 2003 will, because she directed requests for production for documents relating to them.[4] Also, Warren disclosed the names, addresses, and (except for one witness) telephone numbers of these same witnesses in her own December 2003 response to Arndt's request for disclosure, and asserted that the notary and "other people in the room ... will testify that Decedent said literally about this 'will'...."[5] Warren also claimed that "At least one of the witnesses will testify that she had never before seen Decedent and has no idea what his mental state is and whether he was under any restraint. She was simply pulled into the room from the hall and asked to witness his signature with hers." On appeal, Warren argues that Arndt provided inaccurate names and addresses for the witnesses. Warren provided the same information in her own responses. We find no indication in the record that the Arndts had any information that Warren did not also possess.

■ The trial court could also find that Warren was not surprised or prejudiced

---

**4.** Clint Arndt responded that Warren had a copy of the only version of the 2003 will, and there were no other drafts or revisions.

**5.** Warren's response was not provided to the trial court during the trial, but was included as an exhibit to the Arndt's response to War-

ren's motion for judgment notwithstanding the verdict. The trial court's failure to grant Warren's motion for judgment notwithstanding the verdict is the second issue raised in her brief to this Court.

by Clint Arndt's testimony that Terry Arndt tore up the 1995 will before he executed the 2003 will. Clint Arndt disclosed his theory that the 1995 will was revoked by the testator. Warren was obviously aware of the physical destruction of the will, as she included such an allegation in her pleadings. The dispute between the parties was not whether the 1995 will had been destroyed, but whether the document was torn up by Terry Arndt or by one of his children. Furthermore, the 1995 will was not in Clint Arndt's possession or control after Terry Arndt's death, so he did not have an obligation to produce it or to explain his failure to produce it in response to a request for production. *See* Tex.R. Civ. P. 192.3(b), 192.7(b).

■ We hold the trial court could, in its discretion, permit the testimony challenged in Warren's first issue. Because the trial court did not err in admitting the evidence, it did not err in refusing to grant Warren's motion for judgment notwithstanding the verdict. We further note that Warren would not be entitled to a rendition in any event. Warren's claims of error are entirely premised upon the improper admission of undisclosed evidence, and the sufficiency of the evidence is not challenged in this appeal.[6] The remedy for the improper admission of evidence is a new trial, not rendition of judgment as though the evidence had not been presented to the jury. *See Atlantic Ins. Co. v. Boyette*, 342 S.W.2d 379, 383 (Tex.Civ. App.-Beaumont 1960, writ ref'd n.r.e.) (Al-

though no other evidence supported judgment, remand is the appropriate remedy for improper admission of hearsay). Issues one and two are overruled.

■ In her third issue, Warren argues she was denied a fair trial because the trial court permitted the Arndts to submit evidence and testimony regarding Warren's relationship with the decedent. Although the jury failed to find tortious interference with inheritance rights, Warren argues that she was nonetheless harmed by the admission of evidence offered to support the claim because the provocative nature of the evidence inflamed the jury. She contends that as a matter of law the Arndts had no claim against her for tortious interference with inheritance rights.[7] Therefore, she argues, the trial court erred in allowing presentation of evidence in support of the claim. Warren filed a motion for partial summary judgment on the claim, but did not obtain a pre-trial ruling from the trial court. Therefore, the claim was part of the live pleadings and the Arndts were entitled to present evidence to support it.

■ Warren also argues that the trial court erred in permitting the Arndts to present evidence on their claims of tortious interference when they did not disclose their theories on the claim in response to Warren's request for disclosure. As we have already noted, the record does not indicate that Warren ever requested disclosures from Clemens. As for the inade-

---

6. Warren filed a partial record on appeal but did not include in her request a statement of the issues to be presented on appeal. *See* Tex.R.App. P. 34.6(c)(1).

7. The Arndts' pleadings alleged that "Contestant was not the fiancé of Terry K. Arndt for over five years prior to his death, is now married to someone else, and yet is attempting to be the sole beneficiary of Terry K. Arndt's estate as if she were his wife. Contes-

tant's claim that Terry K. Arndt would intentionally and deliberately disinherit his own children in favor of a woman with whom he had not been engaged for over five years is absurd, and the claim cannot be construed as having been brought in good faith." At trial, Warren admitted that she removed a diamond ring and bracelet from Terry Arndt's safe after his death.

quacy of Clint Arndt's disclosures, Warren complains of the admission of a variety of testimony but does not cite where in the record she objected to each item of evidence or testimony on the ground that Arndt failed to comply with Rule 193.6. Without these necessary cites to the record, we decline to say the trial court erred. *See* TEX.R.APP. P. 38.1(d), (f), (h). Issue three is overruled.

■ Warren's final issue contends she is entitled to attorney fees for appeal. She bases her entitlement to fees entirely upon the statutory allowance for defending a will, which provides as follows:

> When any person designated as executor in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings. When any person designated as a devisee, legatee, or beneficiary in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he may be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

TEX. PROB.CODE ANN. § 243 (Vernon 2003).

The jury found Warren "has acted in good faith and with just cause" in offering the 1995 will for probate and in opposing the 2003 will for probate. The Arndts did not file a motion for judgment notwithstanding the verdict on those jury questions, and the judgment does not recite that the jury's finding is disregarded.[8] Warren did not obtain a jury finding on the amount of appellate attorney fees recoverable under Section 243, but she argues the findings of good faith and just cause establish her entitlement to attorney fees at all phases of the will contest proceeding. Contending the trial court abused its discretion, Warren argues "the trial court should have included in the Judgment a contingent award of appellate fees and expenses."

In this case, the trial court submitted some but not all of the elements required to recover attorney fees pursuant to Probate Code Section 243. The jury found only that Warren acted in good faith and with just cause; the amount of her fees was not submitted to the jury. Rule 279 describes the appropriate procedure where one element of a ground of recovery is submitted to the jury, and another is omitted, as follows:

> Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived. When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered,

---

8. The judgment awarded Warren attorney fees in the amount of $34,561.35, the amount stipulated to be reasonable and necessary through the trial of the case.

make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner as to support the judgment. A claim that the evidence was legally or factually insufficient to warrant the submission of any question may be made for the first time after verdict, regardless of whether the submission of such question was requested by the complainant.

TEX.R. CIV. P. 279.

In this case, some but not all of the elements of recovery of attorney fees under Probate Code Section 243 were submitted to the jury. Although Warren was entitled to a finding from the trial court on any elements of recovery omitted from the jury charge, the omitted elements must be supported by factually sufficient evidence. *See* TEX.R. CIV. P. 279. The trial court did not make written findings on the omitted elements; therefore, the omitted elements are deemed found by the court in such manner as to support the judgment. Because the judgment awards no attorney fees for appeal, the implied finding is that the trial court found against Warren on the omitted elements.

Warren contends "[t]he parties stipulated to the reasonableness of her attorney's fees and expenses, including her appellate attorney's fees." The parties stipulated that Warren's counsel would testify to Warren's "attorney's fees, reasonable and necessary and all that stuff...." Counsel stated for the record that

in the event that this matter is appealed to the Beaumont Court of Appeals, my reasonable and necessary attorney's fees to handle that appeal would be $20,000; likewise, if there's a further appeal on the Texas Supreme Court, if either side

seeks a petition for review to the Texas Supreme Court, the fees for handling the petition for review would be $5,000; however, if the Texas Supreme Court would grant the petition for review requiring full briefing and argument before the Texas Supreme Court, it would be an additional $15,000.

In addition to the stipulated testimony by counsel, Warren testified as follows:

Q. [By Warren's Counsel]: Miss Warren, after Mr. Arndt died, did you hire me to probate the 1995 will?

A. [By Appellant]: I did.

Q. When we attempted to probate the will, did we find that Clint Arndt had previously filed an application to probate this supposed 2003 will?

A. Yes.

Q. At that time did you hire me to contest the validity of the 2003 will?

A. Correct.

Q. Was it necessary for you to hire an attorney due to your lack of legal training?

A. Yes.

Q. As part of the representing you in this matter, you have agreed to pay me a reasonable attorney fee, have you not?

A. Yes.

Warren argues the trial court was required to award the amount stipulated by the parties to be "reasonable and necessary." The allowance for attorney fees in a will contest is for "necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings." TEX. PROB.CODE ANN. § 243. Thus, to be entitled to attorney fees under Section 243, the fees must not only be necessary and reasonable, they must also be "expenses or disbursements." Although there is evidence in the record that an award of $20,000 for an appeal, with additional $5,000 and $15,000 sums for Supreme Court review, would be reasonable and

necessary, there is no evidence of Warren's actual employment arrangement with her attorneys. There is no evidence of whether counsel is employed at an hourly rate or on a contingent fee. If the arrangement is for a contingent fee, no amount is payable under Section 243 because Warren has not been successful on appeal and will pay her attorneys nothing. *See Russell v. Moeling*, 526 S.W.2d 533, 535 (Tex.1975) (Estate could not be liable for attorneys' fees where the unsuccessful executrix and her attorneys entered into a fee agreement contingent upon success). There is no evidence in this record that Warren's attorneys are retained for a set sum or at a particular hourly rate.[9] In the absence of evidence that Warren actually incurred liability for the payment of attorney fees on appeal, we cannot conclude that the trial court abused its discretion in declining to award the sum requested by the appellant. Issue four is overruled, and the judgment is affirmed.

AFFIRMED.

9. We note that at Warren's direction a partial reporter's record has been filed, and that she is not entitled to a presumption that the omitted portions of the record are not relevant to the appeal. *See* note 6.