In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00420-CV
_____

IN RE PAULA COOK

_____

Original Proceeding
356th District Court of Hardin County, Texas
Trial Cause No. 57,454

_____

**MEMORANDUM OPINION**

In this mandamus proceeding, Paula Cook contends that the trial court abused its discretion when it expunged her *lis pendens* from the public record. *See generally* Tex. Prop. Code Ann. § 12.0071 (West 2014). We stayed the trial court's order and requested a response from the real party in interest, Charles M. Kibler Jr. Kibler contends that Cook failed to establish by a preponderance of the evidence the probable validity of her claim, as required to avoid his motion to expunge. *See generally id.* § 12.0071(c)(2). We must decide whether Cook's allegations of breach of contract and breach of implied contract, which Kibler concedes assert

1

claims for an interest in real property, will support a *lis pendens* since Cook submitted uncontroverted proof of an exception to the statute of frauds. After reviewing the petition, the response, and the mandamus record, we conditionally grant Cook's petition for writ of mandamus.

Cook sued Kibler, a lawyer, alleging in part that in the course of the lawyer-client relationship, Cook took possession of and made substantial improvements to a house owned by Kibler and allowed Kibler to move into a home owned by Cook in reliance upon Kibler's representations that he would prepare the documents and quickly close the transactions. Cook alleged that Kibler committed fraud regarding both real estate transactions, living rent free on Cook's property while misrepresenting to Cook that he would purchase Cook's house and sell her his house. Cook requested imposition of a constructive trust and specific performance of the sale of the house to her at the alleged agreed price, and she filed a *lis pendens* in the Hardin County real property records. Kibler moved to expunge the *lis pendens* on the ground that the alleged transaction was subject to the affirmative defense of the statute of frauds. *See generally* Tex. Bus. & Com. Code Ann. § 26.01(a), (b)(4) (West 2015); *see also* Tex. R. Civ. P. 94. In response, Cook produced her affidavit, in which she stated, in part:

> Mr. Kibler owns the Skinner House. In late 2012, he offered to sell it to me for an amount equal to his mortgage payoff plus $15,000. He

2

offered to sell [it] to me at this price because he could not afford to make the substantial necessary repairs and he wanted to move into town. At that time, Mr. Kibler represented that the mortgage payoff on the Skinner House was between $150,000 and $160,000.

I agreed to purchase the Skinner House from Mr. Kibler for $15,000 plus the mortgage payoff. Mr. Kibler, who also served as my lawyer on this transaction, further promised to reduce our agreement to writing, prepare the appropriate closing documents, and complete the transaction as soon as possible.

In her affidavit, Cook stated that (1) she made repairs to the house, (2) Kibler was aware that she intended to resell the house for a profit after she purchased the property, and (3) she relied on Kibler's promise to reduce their agreement to writing and close the transaction. Cook's affidavit also claims that Kibler now seeks to profit from the extensive repairs Cook made to the property by requiring her to pay $250,000 for the property, despite her repeated requests and his promise to prepare the transaction documents.

The doctrine of promissory estoppel will apply to avoid the application of the statute of frauds if application of the statute would plainly amount to a fraud and the promise is to sign a written agreement which itself complies with the statute of frauds. *See "Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 938 (Tex. 1972). The doctrine applies to contracts for the sale of land. *See id*. An oral promise to sign an instrument complying with the statute of frauds is enforceable if: "(1) the promisor should have expected that his promise would lead

3

the promisee to some definite and substantial injury; (2) such an injury occurred; and (3) the court must enforce the promise to avoid injustice." *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982). A separate equitable doctrine, the constructive trust exception, also applies to the rule that land titles may not rest in parol. *Ginther v. Taub*, 675 S.W.2d 724, 728 (Tex. 1984). The constructive trust exception is based on a prior confidential relationship and unfair conduct or unjust enrichment. *Id.* Cook's pleadings invoke these exceptions to the statute of frauds. Kibler argues that equitable estoppel does not apply to the sale or transfer of real property, but the Texas Supreme Court has held that these doctrines can be applied in disputes concerning real property. *Id.*; *"Moore" Burger, Inc.*, 492 S.W.2d at 938.

Kibler argues that Cook's affidavit fails to establish the probable validity of her claim by a preponderance of evidence, as required to overcome a motion to expunge. *See* Tex. Prop. Code Ann. § 12.0071(c)(2). Kibler claims that in the hearing on his motion to expunge, he provided live testimony that there was no agreement. Kibler stated in open court, as follows:

> Couple items in rebuttal, your Honor. There's more to this, and I won[']t dispute that we had some negotiations about trying to sell the Plaintiff my house. But the terms of those agreements go far beyond the scope of just the sale of the house. It required the purchase of another house. It required the payment of some other debts that I had. There were lots of other pieces and moving parts to this deal. Okay. It's more than just, oh, I'll give you so much money for your house. It's a much bigger deal than that. And that's why we don't have an

4

agreement because we never agreed on all the side issues, okay, most of which are in Plaintiff's petition claiming that I owe for certain things. You see what I'm saying.

"Unsworn factual statements and representations by an attorney can constitute evidence supporting the trial court's ruling, where the opponent to the testimony waives the oath by failing to object 'in circumstances that clearly indicated each was tendering evidence on the record based on personal knowledge' on the contested issues." *In re Estate of Arndt*, 187 S.W.3d 84, 87 (Tex. App.—Beaumont 2005, no pet.) (quoting *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005)). In this case, however, Cook did not allow Kibler to state facts to the court without objection. Her counsel stated,

> Let me just rebut that one second, your Honor, in terms of facts. We have evidence on file, there is an affidavit of Ms. Cook attached verifying everything that we have said in our response, a lot of which is also in the complaint. He has no evidence. He's just been arguing as a lawyer.

Kibler did not make unsworn factual statements and representations without objection; to the contrary, Cook brought the fact that Kibler was merely presenting argument to the attention of the trial court. Kibler could have asked to be sworn as a witness or to have the trial court accept his statement as an officer of the court as evidence, but he did not do so. Because Cook's uncontroverted affidavit established the probable validity of her claim, the trial court lacked the discretion

5

to grant Kibler's motion to expunge the *lis pendens*. *See* Tex. Prop. Code Ann. § 12.0071(c)(2).

Mandamus is an appropriate remedy when interlocutory issues have arisen concerning the issuance of notices of *lis pendens*. *In re Collins*, 172 S.W.3d 287, 297 (Tex. App.—Fort Worth 2005, orig. proceeding). We are confident that the trial court will vacate its order of November 1, 2016, which granted Kibler's motion to expunge the *lis pendens*. The writ of mandamus shall issue only if the trial court fails to do so.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on November 17, 2016
Opinion Delivered December 29, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.

6