

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00564-CV

**IN THE INTEREST OF K.M.G.** and G.S.G., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2016EM500250
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Rebeca C. Martinez, Justice
        Patricia O. Alvarez, Justice
        Luz Elena D. Chapa, Justice

Delivered and Filed:  August 15, 2018

AFFIRMED

Laura Ochoa appeals the trial court's order in a suit affecting the parent-child relationship. She argues the trial court erred in determining the amount of child support to be paid by Jason Gallardo and in granting Gallardo a standard possession order. We affirm the judgment of the trial court.

### BACKGROUND

Gallardo and Ochoa are the parents of twin boys born in May 2015. Trial was held on October 4, 2016. Ochoa's counsel represented to the trial court that the parties had agreed to $1,000 in child support under temporary orders and "that is still the agreement." Gallardo's counsel confirmed the agreement, stating, "[t]here's been no change in his income, so we're happy to leave child support at the original amount." Later, Ochoa's counsel again stated, "as I said, we

are agreed on child support, Your Honor." Gallardo's counsel stated on the record, "[w]e have agreed on a thousand dollars of child support, that was stipulated at the very beginning[.]" In its final order, the trial court ordered Gallardo to pay child support in the amount of $1,000 per month. The order also granted Gallardo standard possession.

Ochoa filed a motion for new trial, arguing the trial court erred in setting child support at $1,000 per month and in granting Gallardo a standard possession order. The trial court denied her motion for new trial. Ochoa timely appealed. Gallardo did not file an appellee's brief.

## CHILD SUPPORT

We review a trial court's ruling regarding a parent's child support obligation under an abuse of discretion standard. *Melton v. Toomey*, 350 S.W.3d 235, 238 (Tex. App.—San Antonio 2011, no pet.); *In re M.P.M.*, 161 S.W.3d 650, 654 (Tex. App.—San Antonio 2005, no pet.). A trial court abuses its discretion if it acts without reference to any guiding principles or rules. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). In determining whether the trial court abused its discretion, we do not substitute our judgment for that of the trial court's and will not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). "In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; as a result, legal insufficiency is not an independent ground of reversible error, but instead constitutes a factor relevant to our assessment of whether the trial judge abused her discretion." *Vardilos v. Vardilos*, 219 S.W.3d 920, 921 (Tex. App.—Dallas 2007, no pet.).

In a non-jury trial, where no findings of fact or conclusions of law are filed or requested, all findings necessary to support the trial court's judgment are implied. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). A trial court's implied findings of fact in a bench trial have the same force and dignity as a jury's verdict upon jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991).

Ochoa contends the trial court violated chapter 154 of the Texas Family Code by setting the amount of child support lower than the amount required by statute. Section 154.125(b) of the Texas Family Code provides that when the obligor's monthly net resources are not greater than $7,500, the court shall set child support for two children at 25% of the obligor's monthly net resources. TEX. FAM. CODE ANN. § 154.125(b) (West Supp. 2017). Section 154.123(a) then provides that the court may order the child support payments to vary from the guidelines if the evidence rebuts the presumption that the application of the guidelines is in the best interest of the child and justifies a variance from the guidelines. *Id.* at § 154.123(a) (West 2014). Ochoa claims Gallardo's monthly net resources are $5,300, and thus he should pay $1,325 per month.

At trial, no evidence of Gallardo's income was presented. The reporter's record reflects that in three instances, counsel for either Ochoa or Gallardo unequivocally stated the parties had agreed to child support at $1,000 per month. Ochoa never objected. Normally, an attorney's statements must be under oath to be considered evidence. *See United States Gov't v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997). The oath requirement, however, can be waived by failing to object when the opponent knows or should know that an objection is necessary. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). Thus, in the absence of an objection by Ochoa, the trial court did not abuse its discretion in relying on the representations made by counsel in open court. *See id.*; *see also In re Estate of Arndt*, 187 S.W.3d 84, 87 (Tex. App.—Beaumont 2005, no pet.).

Ochoa raised the child support agreement issue in her motion for new trial. Ochoa attached to the motion her affidavit in which she avers the $1,000 amount was intended to be a temporary agreement until the trial on the merits and that her attorney failed to communicate her position to the court. She also attached Gallardo's earnings statements for pay periods ending March 31, 2016 and April 16, 2016. The earnings statements were not introduced into evidence. Consequently, there was no evidence ever presented to the trial court concerning Gallardo's current income. *See Knight v. Knight*, 131 S.W.3d 535, 540 (Tex. App.—El Paso 2004, no pet.); *see also Maximum Med. Imp., Inc. v. County of Dallas*, 272 S.W.3d 832, 834 n.3 (Tex. App.—Dallas 2008, no pet.) (appellate court will only consider evidence before the trial court when it rendered its judgment, not evidence submitted with motion for new trial). Given the absence of record evidence of Gallardo's income and the unobjected-to representations made by counsel in open court, we cannot conclude the trial court abused its discretion in setting the amount of child support at $1,000 per month.. We therefore overrule Ochoa's first issue.

## POSSESSION

Ochoa next complains the trial court erred in granting Gallardo a standard possession order which provides for extended possession during the summer months.[1] In determining issues of possession and access, the primary consideration is always the best interest of the child. TEX. FAM. CODE ANN. § 153.002 (West 2014); *In re J.A.J.*, 243 S.W.3d 611, 614 (Tex. 2007). Trial courts have broad discretion to determine what is in a child's best interest. *Villaseñor v. Villaseñor*, 911

---

[1] Ochoa argues the trial court erred in granting Gallardo "extended possession during summer months," but she fails to account for the fact that the standard possession order includes 30 days of summer possession by the possessory conservator. *See* TEX. FAM. CODE ANN. § 153.312(b)(2) (West 2014); *Casper v. Preston*, No. 01-01-00322-CV, 2003 WL 1563985, at *2 (Tex. App.—Houston [1st Dist.] Mar. 27, 2003, no pet.) (mem. op.) (noting a standard possession order provides that, upon proper notice to the other parent, the conservator who does not establish the children's primary residence shall have possession of the children for 30 days during the summer); *see also* TEX. FAM. CODE ANN. § 153.313(3) (West 2014) (standard possession order for parents who reside over 100 miles apart includes 42 days of summer possession by possessory parent). Thus, we construe Ochoa's argument on appeal to be that the trial court erred in granting Gallardo a standard possession order.

S.W.2d 411, 419 (Tex. App.—San Antonio 1995, no writ). On appeal, we will not disturb a trial court's conservatorship determination unless a clear abuse of discretion is established by the complaining party. *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.). Because conservatorship determinations are "intensely fact driven," *Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002), the trial court is in the best position to observe the witnesses and "'feel' the forces, powers, and influences that cannot be discerned by merely reading the record." *Echols*, 85 S.W.3d at 477. Accordingly, to demonstrate an abuse of discretion, the appellant must show that the trial court acted in an arbitrary or unreasonable manner, or without reference to guiding principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We will not substitute our judgment for that of the trial court as long as some evidence of a substantive and probative character exists to support the order. *In re J.S.P.*, 278 S.W.3d 414, 419 (Tex. App.—San Antonio 2008, no pet.).

In a suit affecting the parent-child relationship, there is a rebuttable presumption that the standard possession order is in the best interest of the child and provides reasonable minimum possession of a child for a parent named as possessory conservator. TEX. FAM. CODE ANN. § 153.252 (West 2014). In ordering terms of possession other than a standard possession order, the trial court shall be guided by the guidelines established by the standard possession order and may also consider: (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing conservator and of the parent named as a possessory conservator; and (3) any other relevant factor. TEX. FAM. CODE ANN. § 153.256 (West 2014). Ochoa argues the trial court failed to consider the section 153.256 factors. Ochoa contends the evidence at trial showed: the children were sixteen months old; Ochoa has been their primary caregiver since birth; the children adhere to a strict routine for feeding, bathing, and sleeping; Gallardo's work schedule prohibits him from picking the children up from daycare before closing;

Gallardo lives in a one-bedroom apartment and has no immediate family nearby to help him care for the children; and Gallardo has received two DWIs and was recently seen drinking alcohol.

We disagree that the standard possession order in this case is inconsistent with the Family Code. The trial court noted that Gallardo had previously exercised weekend and overnight visits with the children without any problems. The trial court also noted that it was limiting the order such that Gallardo was to exercise all periods of possession in San Antonio or McAllen, where Ochoa's family lives, so the children would be close to their mother. The trial court specifically prohibited Gallardo from taking the children to Houston where his family resides. The trial court further ordered the parties enjoined from consuming alcohol within the twelve hours before or during the period of possession of the children. Gallardo testified that if he were allowed greater periods of possession, he would make arrangements at work to be able to pick the children up from daycare by 6:30 p.m. Given these limitations, we conclude the trial court did in fact consider the section 153.256 factors, and Ochoa failed to rebut the presumption that the standard possession order is in the best interest of the children. *Id*. at §§ 153.252, 153.256. As such, the trial court did not abuse its discretion in granting Gallardo a standard possession order.

### CONCLUSION

Having overruled Ochoa's issues on appeal, we affirm the judgment of the trial court.

Rebeca C. Martinez, Justice