**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00336-CV**

_____

**JAY ROGER OWENS, Appellant**

**V.**

**BROCK AGENCY, INC. AND MARK TAYLOR, Appellees**

---

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-10-14257-CV**

---

**MEMORANDUM OPINION**

Appellant Jay Roger Owens ("Plaintiff," "Appellant," or "Owens") appeals from the trial court's Order of Dismissal for Want of Prosecution and its Order denying his Motion to Reinstate his lawsuit against Appellees Brock Agency, Inc. and Mark Taylor (collectively "Defendants" or "Appellees"). For the reasons explained below, we affirm the trial court's Order of Dismissal for Want of Prosecution, but we reverse the trial court's order denying the Motion to Reinstate and remand the case to the trial court.

1

Background Information

On October 12, 2021, Owens filed an Original Petition against Brock Agency, Inc., and Mark Taylor. Owens alleged that he was a "stage hand" and that he worked for the Defendants at the Conroe Cajun Catfish Festival, where he fell off the stage and injured himself. Owens asserted a claim for negligence against the Defendants. The Petition was e-signed by attorney M.G., and attorneys P.S. and M.G. were both listed as attorneys for Plaintiff under the signature block.[1] The Defendants filed an Answer and denied the allegations.

The trial court signed a Docket Control Order ("DCO") on December 8, 2021. Pertinent to this appeal, the DCO set a trial date of September 6, 2022, required pre-trial materials to be exchanged and filed fourteen days before trial, and required expert witness designations to be filed by the Plaintiff 150 days before trial. On August 25, 2022, the trial court sent a Hearing Notification to the parties. The Notification set a trial date of September 6, 2022, and stated, "You are to appear for Pre-Trial at 8:00AM in the 457th District Court . . . on 09/06/22. Voir Dire will be held at 9:00AM following the Pre-Trial." The notification also stated the trial court would dismiss the case for want of prosecution if the parties failed to timely file a

---

[1] The record reflects that several attorneys with the same law firm represented Owens during the case. We refer to the attorneys by their initials.

Joint Notice, that the trial court would set the pre-trial and provide notice thereof, and that the parties should monitor the court's web site for updates.

On August 23, 2022, the Defendants timely filed a "Joint Trial Notice," stating that Defendants were ready for trial. The same day, Defendants also filed a Trial Witness List and a Trial Exhibit List. The Plaintiff did not provide the Defendant with Plaintiff's portion of the Joint Trial Notice.

On August 24, 2023, Plaintiff filed an Unopposed Motion for Continuance, requesting that the trial court grant a continuance from the scheduled trial date of September 6, 2022. According to the motion, Plaintiff's deposition was scheduled in July 2022 but was cancelled, and Plaintiff requested a continuance for Plaintiff to be deposed and "to allow the parties to conduct further negotiations in an attempt to settle the matter before trial." The same day, Plaintiff also filed his own "Trial Notice" stating he was not ready for trial, that Plaintiff had not been deposed, and that Plaintiff's counsel had responded to Defendants' counsel's emails about rescheduling the deposition. Plaintiff also filed a Trial Witness List, a First Amended Trial Witness List, and a Trial Exhibit List that day.

On August 24, 2022, the trial court entered a dismissal Order for failure to file a Joint Pre-trial Notice as per the DCO, and then later marked the dismissal Order "vacated" with a notation that "Joint Notice was filed and was not in case due to efile issues."

On August 25, 2022, the trial court sent the parties a Hearing Notification, via email, notifying the attorneys that

> Judge Vince Santini will be presiding over the above styled and numbered cause on Tuesday, 09/06/2022 at 9:00 AM. Currently #10 on the trial lineup.
>
> You are to appear for Pre-Trial at 8:00AM in the 457th District Court located at 301 North Main, 2nd Floor, Suite 209, Conroe, Texas 77301 on 09/06/22. Voir Dire will be held at 9:00AM following the Pre-Trial.
>
> Please continue to monitor our webpage for trial line-up updates.

At 8:00 a.m. on September 6, 2022, the trial court called the case for the pre-trial. The Defendants' attorney appeared, but neither the Plaintiff nor the Plaintiff's attorney were present in the court when the case was set for the pre-trial or when the case was called. Subsequently, the trial court signed an Order of Dismissal for Want of Prosecution stating,

> No party seeking affirmative relief to said suit appeared, and the Court, having considered the facts surrounding same, finds that this cause of action should be dismissed for lack of prosecution; therefore it is ORDERED, ADJUDGED AND DECREED that the above-styled and numbered cause is dismissed, and same is hereby removed from the docket of this Court.

On September 8, 2022, Plaintiff filed a "Verified Motion to Reinstate" stating therein that the "failure to comply with time standards" for appearing on September 6th was not intentional nor due to indifference but rather due to a calendaring error, and that "Plaintiff was reasonably diligent in preparing for trial and negotiating the case." According to the motion, Plaintiff's attorney appeared "within thirty minutes

4

of the 8:00am setting incorrectly thinking the setting was for 8:30am." The motion alleged that Plaintiff's counsel had filed all necessary pre-trial filings and had been "in constant contact" with Defendants' counsel. Plaintiff argued that, under Texas Rule of Civil Procedure 165a, the trial court should grant the Motion to Reinstate because the failure to appear on September 6 was due to a calendaring mistake. The Motion to Reinstate was e-signed by attorney P.S., and it lists P.S. and J.N. as attorneys for Plaintiff. The Motion includes a sworn and notarized "Verification" by one of Plaintiff's attorneys, P.S., that reads,

> BEFORE ME, the undersigned authority, on this day personally appeared [P.S.], attorney with the law firm [], attorney for Plaintiff in the above entitled and numbered cause, who, having been duly sworn under oath swears that the facts contained in the foregoing Plaintiff's Motion to Re-instate are true and correct.

The Motion does not say why Owens, the Plaintiff, did not appear.

Defendants filed a response and opposition to the Motion to Reinstate and attached several emails between counsel for the parties as exhibits to the response. Defendants argued that "Plaintiff's behavior in this matter shows a clear pattern of conscious indifference to the prosecution of this case for which Plaintiff has offered no adequate justification." Defendants pointed out that Plaintiff filed his pretrial materials "a day late on August 24, 2022" and that Plaintiff failed to serve his Rule 194.4 Pre-Trial Disclosures on August 5, 2022, and that counsel's own emails

5

indicate he was aware of the trial setting for September 6, 2022, showing a "conscious indifference" to the prosecution of the case.[2]

The trial court held a hearing on the Motion to Reinstate on September 23, 2022, and Plaintiff's counsel, J.N., appeared on behalf of the Plaintiff. At the hearing, the trial court commented on the record that the motion "[s]eems to be verified. So, looks like it's in proper form." The court then stated that the case had been dismissed for want of prosecution on September 6th, the morning of trial, because no one had appeared for the Plaintiff. Plaintiff's counsel explained on the record that he was under the mistaken impression that it was scheduled for 8:30 a.m., and due to a calendaring error, he appeared thirty minutes late, and he stated that the mistake was not due to "conscious indifference." Plaintiff's counsel also told the court that, when he arrived at about "8:30ish[]," that court was not in session, numbers were being placed in the pews for a voir dire, and he spoke with court staff

---

[2] In an email dated August 23, 2022, defense counsel indicated they could not sign an "agreed continuance" but that they would not oppose a continuance. The record reflects that on August 24, 2022, Plaintiff's counsel filed what is styled as "Plaintiff's Unopposed Motion for Continuance." In another email dated September 1, 2022, and attached to the Response to the Motion to Reinstate Plaintiff's counsel, J.N., wrote,

> I just got off the phone with the court. They indicated that an Agreed Continuance would be granted with no appearance necessary early Tuesday morning. Because we are actively working to get this case mediated later next month we can agree to continue. See attached and add your signature block and I will file.

On that same date, Defense counsel responded, "We are still not agreed to a continuance."

to tell them that he had appeared, but he did not have the opportunity to state his presence on the record. Defense counsel explained at the hearing that the Defense counsel had appeared at 8:00 a.m. and the Plaintiff's counsel did not appear. The court stated,

> I'm sure I called the case, and I'm sure that no one replied. And I'm sure I probably even gave some grace time. I normally give a little bit of grace time, at least five, ten minutes of grace time. Or if you call or something and say, "Hey, I'm running late," at least I know.

Plaintiff's counsel stated that if he had known he was running late, he would have called the court, but his calendar "indicated 8:30[,]" which was when he arrived. The following exchange occurred at the hearing on the Motion to Reinstate:

> [Plaintiff's counsel]: Yes, Your Honor, it was DWOP'd on the morning of September 6th. Our firm was under the impression, by mistake, that the trial was at 8:30. I was here in the courtroom as voir dire was about to begin, had went and spoke to court staff a little after 8:30 when I realized the mistake had been made. It was not due to conscious indifference as evidenced by the fact that I did get out here that Tuesday morning in order to appear in front of you. It was just simply a calendaring error; and I was 30 minutes late, Your Honor.
>
> THE COURT: Okay. Did you make an appearance on the record?
>
> [Plaintiff's counsel]: The Court was not in session when I arrived. I spoke to court staff in the court offices and indicated -- had them indicate on the docket sheet that I did appear -- or did arrive on the premises, but I did not have the opportunity to state my presence on the record as I believe a trial was about to start or voir dire, at least, was about to start in the courtroom at that time.
>
> THE COURT: Okay. So we were in court when you arrived?

7

[Plaintiff's counsel]: When I arrived the numbers were being placed -- it was about, you know, probably 8:20, 8:30ish. Numbers were being placed in the pews for what I presumed to be a voir dire. I waited for a second wondering if court was going to be called into session. When I realized I was the only person waiting in the gallery, I went into the offices, Your Honor.

Plaintiff's counsel did not offer any explanation as to why Plaintiff himself did not appear on the date and time designated for trial. The docket sheet entry for September 6, 2022, states "Case called; Plaintiff did not appear; Case Dismissed for Want of Prosecution. Judge Vincenzo Santini, 457th; CSR Lorri Lucas[.]"

Defense counsel opposed the Motion to Reinstate and explained on the record,

Our response is just that Plaintiff's counsel has shown a pattern of conscious indifference in this case. They have turned in their pretrial materials late. We were forced to turn in a joint notice on our own. They reference on September 1st in an e-mail to us, they reference the early start time on Tuesday, September 6th. So they clearly had the August 25th trial notice at hand.
We believe that no proof of any mistake has been shown as is required by the rules, and we would ask the Court to deny the motion.

The trial court then asked the Plaintiff's attorney about the nature of Plaintiff's claim, and Plaintiff's counsel responded that it was a premises liability claim wherein Plaintiff alleged he was injured "when he fell off a stage that he was breaking down after a festival" and subsequently underwent surgery. The trial court stated that no designations of experts had been filed by Plaintiff pursuant to the docket control order. The court then stated,

I am going to deny the motion. . . . I'm not seeing any designation of experts on this matter on file. I'm not seeing any. So even if it were

8

to be reinstated, there's -- there would be no proof of causation in this case.

So I'm going to deny the motion.

The same day, the trial court signed an Order denying the Motion to Reinstate. The record includes no findings of fact or conclusions of law by the trial court, and none were requested. Plaintiff filed his notice of appeal on October 21, 2022.

## Issue

In a single issue, Appellant argues that the trial court abused its discretion and erred by failing to grant his Verified Motion to Reinstate because counsel's failure to appear was not due to conscious indifference, but rather due to a calendaring error. According to Appellant, there was a reasonable explanation for counsel's failure to appear—namely, an unintentional scheduling error. Appellant also argues that the circumstances did not warrant a dismissal for want of prosecution because the case was only "just over a year old[,]" there had been "ample activity" in the case, and there had been no substantial delay in the case. Appellant argued that he had disclosed "all treating providers and thus experts" timely, and that the failure to designate experts "does not rise to the level of wholly failing to prosecute a case with diligence." Appellant asks this Court to reverse the trial court's order denying his Verified Motion to Reinstate and to reverse the trial court's order dismissing the case for want of prosecution.

## Rule 165a Dismissal

A trial court has authority to dismiss a case for want of prosecution under either Rule 165a of the Texas Rules of Civil Procedure or the court's inherent power to maintain and control its docket. Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a(1), a trial court may dismiss a case for want of prosecution on the failure of a party seeking affirmative relief to appear for a hearing or trial if the party had notice that dismissal could result from the party's failure to appear. Tex. R. Civ. P. 165a(1). The Texas Supreme Court has held that Rule 165a(1) encompasses the failure to appear for a pretrial scheduling conference. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 851-52 (Tex. 2004). After a plaintiff's case has been dismissed for want of prosecution, the plaintiff's remedy to obtain a reinstatement from the trial court is to file a motion to reinstate. *See Gillis v. Harris Cty.*, 554 S.W.3d 188, 191 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Rule 165a(3) requires the motion to reinstate to be "verified by the movant or his attorney." Tex. R. Civ. P. 165a(3); *see also Guest v. Dixon*, 195 S.W.3d 687, 688-89 (Tex. 2006). To satisfy the verification requirement, the motion must either be verified or provide the functional equivalent of a verified motion. *See Young v. Di Ferrante*, 553 S.W.3d 125, 129-30 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Appellees argue for the first time on appeal that the "Verification" attached to Appellant's Motion to Reinstate was insufficient to verify the Motion because the affiant failed to state that he had "personal knowledge" of the facts contained in the Motion. Appellees contend that a verification that is not based on personal knowledge is not a valid verification, that the Motion to Reinstate in this case was therefore unverified and did not extend the deadline to file a notice of appeal, that Appellant's Notice of Appeal was untimely filed, and this Court should dismiss the appeal for lack of jurisdiction.[3]

## Jurisdiction

We are obligated to review issues affecting jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). An appellate court generally has jurisdiction over a case if a notice of appeal is filed within thirty days after the judgment is signed unless one of the deadline-extending circumstances listed in Texas Rule of Appellate Procedure 26.1 exists. *See* Tex. R. App. P. 26.1; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993); *Young*, 553 S.W.3d at 128. Under Rule 26.1, filing a verified motion to reinstate under Texas Rule of Civil Procedure 165a within thirty days of an order of dismissal extends the deadline to perfect appeal to ninety days after the trial court signed the dismissal order. *See Unifund CCR, LLC v. Whitaker*, No. 09-19-00420-CV, 2021 Tex. App.

---

[3] Appellant did not file a Reply brief.

11

LEXIS 10190, at *3 (Tex. App.—Beaumont Dec. 30, 2021, no pet.) (mem. op.); *Young*, 553 S.W.3d at 128 (citing Tex. R. App. P. 26.1; Tex. R. Civ. P. 165a; *Watson v. Clark*, No. 14-14-00031-CV, 2015 Tex. App. LEXIS 1707, at *2 (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op.)).

An unverified motion to reinstate does not extend the trial court's plenary jurisdiction or the time in which to file a notice of appeal. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding); *see also Westbrook v. Heirs of Crockett*, No. 09-17-00073-CV, 2018 Tex. App. LEXIS 3500, at *4 (Tex. App.—Beaumont May 17, 2018, no pet.) (mem. op.). Although Rule 165a states that a motion to reinstate must be verified, the Rule does not define "verified." *See* Tex. R. Civ. P. 165a; *Young*, 553 S.W.3d at 128. That said, Texas courts have held that a verification or statement must be based on personal knowledge. *See Young*, 553 S.W.3d at 128-30 ("A statement not based on personal knowledge is not the functional equivalent of a verification."); *In re Valliance Bank*, 422 S.W.3d 722, 726 n.1 (Tex. App.—Fort Worth 2012, orig. proceeding) ("Verification must be based on personal knowledge."); *Twist v. McAllen Nat'l Bank*, 294 S.W.3d 255, 260-63 (Tex. App.—Corpus Christi 2009, pet. dism'd) (rejecting an attorney's verification on a motion to reinstate that did not indicate he had personal knowledge of any facts); *Brown v. Dallas Cty.*, No. 05-96-01192-CV, 1998 Tex. App. LEXIS 651, at **8-9 (Tex. App.—Dallas Feb. 2, 1998, no pet.) (mem. op.) ("A party's attorney may

verify the motion [to reinstate] where he has knowledge of the facts, but an attorney does not have authority to verify based merely on his status as counsel."); *see also Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) ("An affidavit showing no basis for personal knowledge is legally insufficient."); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) ("An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient.").

In *Young*, for example, the Houston Fourteenth Court of Appeals concluded that a purported verification from a party to the suit that stated it was "'true and correct to the best of my belief and personal knowledge[]'" did not show personal knowledge and did not satisfy the personal-knowledge requirement to verify the motion to reinstate. *See* 553 S.W.3d at 127, 129. In *Twist*, the Corpus Christi Court of Appeals concluded that a purported verification that stated that the facts in the motion to reinstate were, "within his personal knowledge and/or belief, as indicated, and are true and correct[]" was not an effective verification because it did not identify which facts the affiant was verifying based on personal knowledge and which were based only on his belief. *See* 294 S.W.3d at 258, 262.

Here, the attorney's Verification states,

BEFORE ME, the undersigned authority, on this day personally appeared P[.] S[.], attorney with the law firm of [], attorney for Plaintiff in the above entitled and numbered cause, who, having been duly sworn

under oath swears that the facts contained in the foregoing Plaintiff's Motion to Re-instate are true and correct.

The Verification fails to contain a statement that the attorney signing the verification had "personal knowledge" that the facts contained in the Motion to Reinstate are true and correct.

That said, here the Defendants did not object to the Verification in the trial court for failing to show it was based on "personal knowledge." Generally, a party must object in the trial court to preserve a complaint about a defect in an affidavit's form, such as a complaint that the affidavit is not based on personal knowledge. *See* Tex. R. App. P. 33.1; *In re Marriage of Sandoval*, 619 S.W.3d 716, 722 (Tex. 2021) (applying the *Craddock* standard to a motion for new trial and holding that by failing to object, party did not preserve complaint about a defective jurat on an affidavit filed in support of the motion for new trial).[4] We need not decide today whether an

---

[4] The following cases addressed the waiver issue in the context of an affidavit submitted as summary judgment evidence: *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (concluding that appellant's complaint that an affiant lacked personal knowledge was waived for failure to object in the trial court); *Gaber v. U.S. Bank Nat'l Ass'n as Legal Title Tr. for Truman 2016 Title Tr.*, No. 02-19-00243-CV, 2020 Tex. App. LEXIS 7213, at *5, **8-9 (Tex. App.—Fort Worth Sept. 3, 2020, pet. denied) (mem. op.) (failure to secure a ruling on an objection that a summary-judgment affidavit failed to show it was made on personal knowledge waived appellate complaint); *Washington DC Party Shuttle, LLC v. IGuide Tours, LLC*, 406 S.W.3d 723, 736 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc) (after reviewing Texas cases, concluding that "a litigant must object and obtain a ruling from the trial court to preserve a complaint that an affidavit fails to reveal the basis for the affiant's personal knowledge"); *Lewis v. Lamb*, No. 09-06-201-CV, 2007 Tex. App. LEXIS 5414, at **10-11 (Tex. App.—Beaumont July

alleged defect for lack of a statement based on "personal knowledge" can be waived when it affects jurisdiction,[5] because we conclude on the record before us that the evidence in the record at the time the trial court heard the Motion to Reinstate established the attorneys had personal knowledge of the facts stated within the Motion to Reinstate. First, we note that the attorney that signed the affidavit is the lead attorney on the case and he should have been aware of the settings and the calendaring of his cases. And, while that attorney may not have been the attorney who appeared late on the day of the trial setting in this case, it does not mean he lacked personal knowledge on the calendaring mistake, nor does it necessarily deprive this court of jurisdiction. *See generally Guest*, 195 S.W.3d at 689.

Here, in addition to the Verification from one of the Plaintiff's attorneys that fails to include a statement saying the attorney had "personal knowledge" of the facts regarding the reason the Plaintiff's attorney failed to appear at 8:00 a.m., co-counsel, J.N., who is with the same law firm as the attorney who signed the Verification, explained at the hearing on the Motion to Reinstate that he is the attorney who

12, 2007, no pet.) (mem. op.) (appellant waived complaint about affiant's lack of personal knowledge by failing to raise the issue in the trial court).

[5] Our sister court has concluded that because a verification is required for a motion to reinstate to extend the appellate timetable, and because a timely notice of appeal affects the jurisdiction of the appellate court to hear an appeal, a defect in a verification to a motion to reinstate is not waived by failing to raise it in the trial court. *See Twist v. McAllen Nat'l Bank*, 294 S.W.3d 255, 263 (Tex. App.—Corpus Christi 2009, pet. dism'd).

appeared late, and he provided statements to the trial court on the record at the hearing about the calendaring mistake and his mistaken belief he did not have to be at the pre-trial until 8:30 a.m. So, even if the form of the Verification lacked a statement regarding "personal knowledge," we conclude under the limited facts of this case that the Verification together with the supplemented statements made by the attorney at the hearing on the Motion to Reinstate, established the facts as verified were based on the personal knowledge of the attorneys.

The hearing on the Motion to Reinstate was held within the thirty-day period following the dismissal. We note that even if the motion had been completely unverified, a party may still cure or remedy a lack of a verification by tendering an affidavit or "other evidence" supporting the motion, provided it is submitted within the same thirty-day period as required for filing the motion to reinstate. *See In re Valliance Bank*, 422 S.W.3d at 727 ("to 'cure' an unverified motion to reinstate, an affidavit or other evidence supporting the motion is acceptable, but it must be filed within the same thirty-day period as required for filing of the motion to reinstate[]") (citing *In re Garcia*, 94 S.W.3d 832, 833 (Tex. App.—Corpus Christi 2002, orig. proceeding)); *In re Dobbins*, 247 S.W.3d 394, 396-97 (Tex. App.—Dallas 2008, orig. proceeding) (even though a motion to reinstate was unverified and lacked any supporting affidavit, a special master within the thirty days conducted a hearing "presumably on the very facts that would be alleged in a motion to reinstate[,]"

16

within the thirty-day period and recommended reinstatement, and therefore reinstatement was proper).

"Normally, an attorney's statements must be under oath to be considered evidence." *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (citations omitted). That said, the Texas Supreme Court explained that the requirement that an attorney's in-court statement should be made under oath may be waived when no objection is raised and when the circumstances clearly indicate that the attorney was tendering evidence on the record based on personal knowledge. *See id.*; *see also Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (citing *Banda*, 955 S.W.2d at 272 (holding that an attorney's unsworn statements tendered as evidence were sufficient absent any objection thereto)).

This Court has previously explained in other contexts that

> [u]nsworn factual statements and representations by an attorney in open court can constitute evidence when the opponent to the testimony waives the oath requirement by failing to object in circumstances that clearly indicated that the attorney was tendering evidence on the record based on the attorney's personal knowledge regarding the contested issues.

*Martin v. Jasper Indep. Sch. Dist.*, No. 09-17-00195-CV, 2018 Tex. App. LEXIS 4335, at *9 (Tex. App.—Beaumont June 14, 2018, pet. denied) (mem. op.) (citing *Mathis*, 166 S.W.3d at 745; *In re Estate of Arndt*, 187 S.W.3d 84, 87 (Tex. App.—Beaumont 2005, no pet.)) (unsworn statements from attorney at hearing on plea to the jurisdiction); *see also Lastor v. Jackson*, No. 09-18-00146-CV, 2019 Tex. App.

17

LEXIS 1088, at *3, *9 (Tex. App.—Beaumont Feb. 14, 2019, no pet.) (mem. op.) (attorneys' unsworn factual statements about matters within their personal knowledge constituted evidence at trial). We apply these same principles to the specific facts before us here, where we have a Verified Motion to Reinstate and where further statements from the attorney with personal knowledge are provided at a hearing as reflected in the reporter's record and held within the thirty-day period after dismissal.

At the hearing on the Motion to Reinstate, the Plaintiff's attorney, J.N., stated on the record that his failure to appear was not due to "conscious indifference," that he personally appeared at about 8:30 a.m. on September 6th, that the court was not in session when he arrived, and that he spoke with court staff "a little after 8:30 when [he] realized the mistake had been made." He explained there was a calendaring mistake and he thought he was supposed to be present at 8:30 a.m.

The attorney made his statements on the record, and it is clear from the record before us that the attorney's statements at the motion to reinstate hearing were based on the attorney's personal knowledge regarding "the contested issues." *See Martin*, 2018 Tex. App. LEXIS 4335, at *9; *see also In re Estate of Arndt*, 187 S.W.3d at 87 (concluding that the trial court could rely on unobjected-to representations made by counsel in open court concerning matters within their personal knowledge). Defense counsel did not object to J.N.'s statements to the court and thereby waived any

18

objection that the attorney's statements to the trial court at the hearing were unsworn. *See Banda*, 955 S.W.2d at 272; *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990). So, we conclude the Verified Motion to Reinstate extended the timeline for filing a notice of appeal, and Owens timely appealed. *See Young*, 553 S.W.3d at 128. Having jurisdiction, we now address whether the trial court abused its discretion in dismissing the case, and whether the trial court abused its discretion in failing to reinstate the case.

Dismissal of Case

We review a trial court's dismissal for want of prosecution under an abuse of discretion standard. *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995); *Vandergriff v. Kinsey*, No. 09-20-00295-CV, 2022 Tex. App. LEXIS 7953, at *3 (Tex. App.—Beaumont Oct. 27, 2022, no pet.) (mem. op.). Here, the Plaintiff and his attorneys had notice of the trial setting and the time to be in court for pretrial matters, and the Appellant does not complain about the adequacy of the notice and whether it also notified the Plaintiff of the possibility of dismissal under Rule 165a for a failure to appear. *See Pollefeyt v. Tex. Health Res.*, No. 02-19-00260-CV, 2020 Tex. App. LEXIS 3200, at *4 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.). On this record, we conclude the trial court did not abuse its discretion by dismissing the case for want of prosecution due to the failure of the

19

Plaintiff or his attorney to appear at the pre-trial hearing on September 6, 2022. *See* Tex. R. Civ. P. 165a(1); *Alexander*, 134 S.W.3d at 851-52.

Denial of Motion to Reinstate

Next, we must decide whether the trial court abused its discretion in denying the motion to reinstate the case. *See Smith*, 913 S.W.2d at 467; *Vandergriff*, 2022 Tex. App. LEXIS 7953, at *3 (appellate review of a trial court's ruling on a motion to reinstate is conducted under an abuse of discretion standard). "When a case is dismissed for want of prosecution, '[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.'" *Smith*, 913 S.W.2d at 468 (quoting Tex. R. Civ. P. 165a(3)). This standard is essentially the same as that for setting aside a default judgment. *Id.* (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939)). A failure to appear is not intentional or due to conscious indifference under Rule 165a merely because it is deliberate; it must also be without adequate justification. *Id.* Proof of such justification—accident, mistake, or other reasonable explanation—will negate the intent or conscious indifference for which reinstatement can be denied. *Id.* (citing *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)). Conscious indifference means more than mere negligence. *Id.* (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)). When

20

a verified motion to reinstate includes a reasonable explanation for the failure to appear at trial or a dismissal hearing and the record contains no controverting evidence that the failure was intentional or the result of conscious indifference, the trial court abuses its discretion by denying the motion. *Pollefeyt*, 2020 Tex. App. LEXIS 3200, at \*\*10-11; *Brooks-PHS Heirs, LLC v. Bowerman*, No. 05-18-00356-CV, 2019 Tex. App. LEXIS 2112, at \*\*10-11 (Tex. App.—Dallas Mar. 15, 2019, pet. denied) (op. on reh'g) (citations omitted) ("A trial court abuses its discretion in denying a motion to reinstate where a verified motion to reinstate reasonably explains the failure to appear [], and the record contains no evidence that the failure was intentional or the result of conscious indifference."); *S. Pioneer Prop. & Cas. Ins. Co. v. Wilson*, No. 01-17-00444-CV, 2018 Tex. App. LEXIS 5264, at \*6 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.) ("A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable.").

The record indicates that the Plaintiff's attorney failed to appear at the scheduled time for the pretrial because the Plaintiff's attorney mistakenly believed he was supposed to be there at 8:30 a.m. because of a calendaring mistake. The only evidence before the trial court showed the failure to appear was sufficiently "otherwise reasonably explained[]" by the attorney as a calendaring error or mistake within Rule 165a(3). *See* Tex. R. Civ. P. 165a(3); *see also McPeters v. Montgomery*

21

*Cty.*, No. 09-09-00451-CV, 2010 Tex. App. LEXIS 4132, at **8-9 (Tex. App.—Beaumont May 27, 2010, pet. denied) (mem. op.). While the trial court might have considered sanctions against J.N. for appearing late, a court imposing a sanction of dismissal "must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both." *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917, 918-19 (Tex. 1991) (finding that trial court's dismissal with prejudice was unjust where party failed to appear for deposition and the record did not make it clear whether the failure to appear was the party's fault or his counsel's).

The record before us provides nothing to indicate that Owens was aware of or responsible for his attorney's calendaring mistake. The record contains no controverting evidence from which the trial court could conclude that the failure to appear at 8:00 a.m. was intentional or the result of conscious indifference. Accordingly, we conclude that the trial court abused its discretion by denying the motion. *See Smith*, 913 S.W.2d at 468 (citing Tex. R. Civ. P. 165a(3)); *Dalmex, Ltd. v. Apparel Enterprises, Inc.*, 455 S.W.3d 241, 244 (Tex. App.—El Paso 2015, no pet.) (uncontroverted evidence that the hearing was not placed on attorney's calendar by mistake was sufficient to show that failure to appear was not intentional and refusal to reinstate was abuse of discretion) (citing *Dir., State Emps. Workers' Comp.*

*Div. v. Evans*, 889 SW.2d 266, 268-69 (Tex. 1994)). The trial court's action in denying the Motion to Reinstate cannot be affirmed on this record.

We sustain Appellant's issue, and we reverse the order of the trial court denying the Motion to Reinstate and remand the case to the trial court with instructions to reinstate the case.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on April 10, 2023
Opinion Delivered June 1, 2023

Before Horton, Johnson & Wright, JJ.